LEE C. LARSON ET AL., APPELLANTS, V. CITY OF OMAHA, DOUGLAS COUNTY, NEBRASKA, A MUNICIPAL CORPORATION, APPELLEE, MIDLANDS DEVELOPMENT CO., A NEBRASKA GENERAL PARTNERSHIP, ET AL., INTERVENORS-APPELLEES.

415 N.W.2d 115

Filed November 6, 1987.   No. 85-1000.

John C. Mitchell of Mitchell & Demerath, Richard E. Croker of Croker, Huck & McReynolds, and J. Patrick Green, for appellants.

Charles K. Bunger, Assistant Omaha City Attorney, for appellee.

Frank F. Pospishil and Harvey B. Cooper of Abrahams, Kaslow & Cassman, for intervenor-appellee Midlands Development Co.

Patrick W. Kennison of Kutak Rock & Campbell, for intervenor-appellee Mangimelli.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

HASTINGS, C.J.

Plaintiff landowners appeal the judgment of the district court, which dismissed their petition for a writ of mandamus. By petitioning for such writ, the plaintiffs sought to compel the City of Omaha to revoke a development permit issued to intervenor Midlands Development Co. (Midlands), which allowed Midlands to remove dirt from the floodway and place it in the flood plain of Big Papillion Creek, thus changing the line of the floodway.

Although the trial court made certain findings of fact and law pertaining to the merits of plaintiffs' contention, it concluded that the demurrers of the defendant and the intervenors should have been sustained on the basis of the

plaintiffs' having an adequate remedy available by way of declaratory judgment action and by injunctive relief. We agree with the conclusion of the district court.

Generally, no construction is allowed in the floodway of a creek, but a plan submitted by the engineers of Midlands would increase the carrying capacity of the stream so as to allow for construction of a development project. Relying upon this plan, the City of Omaha granted the necessary permit under the provisions of the flood plain regulations of the Omaha zoning ordinance, Omaha Mun. Code, ch. 55, art. V, § 55-117 (1980).

At the time this present action was filed, two other actions were pending, one in this court and one in the district court for Douglas County, relating to these proceedings: *Wupper v. Shukert*, 220 Neb. xx (case No. 84-880, Sept. 12, 1985), and *Giger v. City of Omaha*, Douglas County District Court, docket 843, page 733. These actions sought declaratory and equitable relief. Similarly, a declaratory judgment action would be available to determine the constitutionality of the Omaha Municipal Code regarding the issuance of a permit without a prior hearing, which issue the plaintiffs sought to raise by this mandamus action.

"The writ of mandamus may not be issued in any case where there is a plain and adequate remedy in the ordinary course of the law." Neb. Rev. Stat. § 25-2157 (Reissue 1985). See, also, *Watts v. City of Omaha*, 184 Neb. 41, 165 N.W.2d 104 (1969).

The judgment of the district court is correct and is affirmed.

AFFIRMED.