STATE OF NEBRASKA EX REL. GREYHOUND LINES, INC., APPELLANT,
v. CITY OF OMAHA, APPELLEE.

419 N.W.2d 539

Filed February 26, 1988.   No. 86-200.

Waldine H. Olson of Schmid, Ford, Mooney & Frederick, P.C., for appellant.

Herbert M. Fitle, Omaha City Attorney, and Charles K. Bunger, for appellee.

HASTINGS, C.J., WHITE, SHANAHAN, and FAHRNBRUCH, JJ., and BLUE, D.J.

FAHRNBRUCH, J.

Greyhound Lines, Inc., appeals the dismissal of its petition for writ of mandamus seeking to compel the City of Omaha to revoke a lease involving an alley adjacent to Greyhound's building in Omaha. The Douglas County District Court, after trial, determined the case on its merits. We affirm the district court's dismissal order, not on the merits, but because of the unavailability of a writ of mandamus to Greyhound.

The lease in question permits a third party to use the area below and the airspace above the alley in the construction of a bank building and a parking garage. It also grants the third party portions of the surface rights of the alley.

A writ of mandamus is an extraordinary remedy and "may not be issued in any case where there is a plain and adequate remedy in the ordinary course of the law." Neb. Rev. Stat. § 25-2157 (Reissue 1985). See, also, *Larson v. City of Omaha*, 226 Neb. 751, 415 N.W.2d 115 (1987); *Watts v. City of Omaha*, 184 Neb. 41, 165 N.W.2d 104 (1969); *State ex rel. League of Municipalities v. Loup River P. P. Dist.*, 158 Neb. 160, 62 N.W.2d 682 (1954).

By action and by oral admission, Greyhound admittedly had, at the time of filing its petition, at least two plain and

adequate remedies in the ordinary course of law available to it. Greyhound had already filed a law action in docket 848, page 470, in the Douglas County District Court. At oral argument in this court, Greyhound's counsel admitted that the remedy of injunction was available to his client when the petition for writ of mandamus was filed.

Because Greyhound had plain and adequate remedies in the ordinary course of the law available to it, the order of the district court is affirmed on that ground.

AFFIRMED.