STATE OF NEBRASKA EX REL. PEOPLE FOR RESPONSIBLE OMAHA URBAN DEVELOPMENT ET AL., APPELLANTS AND CROSS-APPELLEES, V. FRED CONLEY ET AL., APPELLEES AND CROSS-APPELLANTS, OMAHA DEVELOPMENT FOUNDATION, A NEBRASKA NONPROFIT CORPORATION, INTERVENOR-APPELLEE AND CROSS-APPELLANT.

459 N.W.2d 222

Filed August 17, 1990.   No. 88-515.

Edward F. Fogarty, of Fogarty, Lund & Gross, and Dorothy M. Tubach for appellants.

Charles K. Bunger, Assistant Omaha City Attorney, and Frank F. Pospishil, of Abrahams, Kaslow & Cassman, for appellees and intervenor-appellee.

HASTINGS, C.J., BOSLAUGH, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

Mark Himes, a taxpayer, and an organization called People for Responsible Omaha Urban Development (PROUD) commenced this action against Fred Conley, the president of the Omaha City Council; the city council of the City of Omaha; and the City of Omaha (together, the City) to obtain a writ of mandamus. The Omaha Development Foundation intervened in the litigation.

In their petition filed March 8, 1988, the plaintiffs alleged that the Riverfront Redevelopment Plan, which was adopted by the city council on February 2, 1988, had been substantially modified from its first draft and that in accordance with the Nebraska Community Development Law, Neb. Rev. Stat. §§ 18-2101 et seq. (Reissue 1987), the City was required to conduct additional public hearings. The petition prayed that the matter of the redevelopment contract be laid over at the March 8, 1988, meeting of the city council, that a hearing on the redevelopment plan be noticed by publication for 2 weeks and be held at least 10 days later, and that a similar notice and hearing be had regarding the substantial modification of the plan.

After the petition had been filed, the City immediately commenced a series of meetings which were designed to meet the objections of the plaintiffs. An amended petition was filed on March 22, 1988. Thereafter, the plaintiffs and defendants filed motions for summary judgment.

On May 16, 1988, the trial court overruled the plaintiffs' motion and sustained the defendants' motion. The plaintiffs have appealed and contend the district court erred (1) in finding that the City's duty to hold additional hearings was not clearly compelled by § 18-2115, (2) in finding that the action had been mooted by reason of the City's holding additional public hearings, and (3) in failing to award to the plaintiffs attorney

fees and costs pursuant to. Neb. Rev. Stat. § 25-2165 (Reissue 1989).

In a cross-appeal, the defendants and the intervenor contend that the district court erred in finding that the plaintiffs' request for more public hearings was a proper subject of mandamus. We conclude that mandamus was not an appropriate remedy in this case.

Neb. Rev. Stat. § 25-2156 (Reissue 1989) provides in part that "[t]he writ of mandamus may be issued to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law specifically enjoins as a duty resulting from an office, trust or station." In addition, this court has held that to warrant the issue of a writ of mandamus against an officer to compel him to act, (1) the duty must be imposed on him by law, (2) the duty must still exist at the time the writ is applied for, and (3) the duty to act must be clear. *State ex rel. Doe v. Mid-Neb. Retard. Serv.*, 214 Neb. 381, 333 N.W.2d 909 (1983); *State ex rel. Council #32 v. City of Hastings*, 214 Neb. 20, 332 N.W.2d 661 (1983).

A writ of mandamus may not be issued in any case where there is a plain and adequate remedy in the ordinary course of the law. Neb. Rev. Stat. § 25-2157 (Reissue 1989); *Larson v. City of Omaha*, 226 Neb. 751, 415 N.W.2d 115 (1987); *State ex rel. Greyhound Lines, Inc. v. City of Omaha*, 227 Neb. 676, 419 N.W.2d 539 (1988).

In *Larson v. City of Omaha, supra*, the plaintiffs sought a writ of mandamus, claiming that they had been denied a hearing by the City of Omaha in connection with the issuance of a building permit. In affirming the judgment of the district court denying the writ, this court stated:

> Although the trial court made certain findings of fact and law pertaining to the merits of plaintiffs' contention, it concluded that the demurrers of the defendant and the intervenors should have been sustained on the basis of the plaintiffs' having an adequate remedy available by way of declaratory judgment action and by injunctive relief. We agree with the conclusion of the district court.

*Id.* at 751-52, 415 N.W.2d at 116.

In *State ex rel. Greyhound Lines, Inc. v. City of Omaha,*

*supra*, the district court denied Greyhound's petition for writ of mandamus in which Greyhound sought to compel the City of Omaha to revoke a lease involving an alley adjacent to Greyhound's building in Omaha. Although the district court determined the case on its merits, this court affirmed the judgment on the ground that Greyhound had other plain and adequate remedies in the ordinary course of the law:

> By action and by oral admission, Greyhound admittedly had, at the time of filing its petition, at least two plain and adequate remedies in the ordinary course of law available to it. Greyhound had already filed a law action . . . in the Douglas County District Court. At oral argument in this court, Greyhound's counsel admitted that the remedy of injunction was available to his client when the petition for writ of mandamus was filed.

*Id*. at 676-77, 419 N.W.2d at 539.

In the present case, the record contains a statement of counsel for the plaintiffs in which it was admitted they had other adequate remedies at law to accomplish their purposes. In a letter dated March 23, 1988, plaintiffs' counsel informed Mayor Bernie Simon, defendant Conley, and the Omaha City Council:

> PROUD demands that the City move immediately to suspend any further action on the Riverfront Development Plan contract until the aforementioned areas are corrected. If this action is not forthcoming, PROUD will file a lawsuit seeking declaratory relief in the above areas and such other equitable remedies as would be appropriate in the circumstances, including stopping bond and other funding.

Although we determine that mandamus was not a proper remedy in this case because the plaintiffs had plain and adequate remedies in the ordinary course of the law available to them at the time this action was filed, we have considered the plaintiffs' contention that the additional public meetings held by the City were void as sham meetings.

In *State ex rel. Hilt Truck Line v. Peterson*, 215 Neb. 81, 86, 337 N.W.2d 133, 136 (1983), we said:

> Mandamus is available to enforce the performance of

ministerial duties of a public official but is not available if the duties are quasi-judicial or discretionary. The general rule is that an act is ministerial if there is an absolute duty to perform in a specified manner upon the existence of certain facts.

See, also, *Singleton v. Kimball County Board of Commissioners*, 203 Neb. 429, 279 N.W.2d 112 (1979).

In order to determine the validity of the additional hearings, the district court would have been required to examine the motives of the city council and the planning board. However, under the doctrine of separation of powers, courts should not inquire into the motives of legislators if an adopted ordinance is legislative in character. *Copple v. City of Lincoln*, 202 Neb. 152, 274 N.W.2d 520 (1979). Furthermore, in determining whether the exercise of legislative authority by a city council is within its statutorily granted powers, a reviewing court is not concerned with motives, purposes, or personal beliefs of any individual council member. *Sasich v. City of Omaha*, 216 Neb. 864, 347 N.W.2d 93 (1984).

In their final assignment of error, the plaintiffs contend that they are entitled to an award of attorney fees because if the City succeeded in mooting the lawsuit by holding the meetings the plaintiffs demanded, and assuming that such meetings were not defective as shams, then the plaintiffs clearly prevailed, and the court erred in failing to order the plaintiffs' fees and costs paid pursuant to § 25-2165. Section 25-2165 provides:

If judgment be given for the plaintiff, he or she shall recover the damages which he or she shall have sustained, to be ascertained by the court or a jury, or by referees, in a civil action, and a peremptory mandamus shall also be granted to him or her without delay. In addition to damages the court may also award costs and reasonable attorney's fees. The costs and attorney's fees shall be paid by the governmental body represented by the public official or employee.

The statute plainly requires that "judgment be given for the plaintiff." As there was no judgment for the plaintiffs, neither damages nor costs nor attorney fees may be awarded pursuant to § 25-2165. The assignment of error is without merit.

Because the plaintiffs had plain and adequate remedies in the ordinary course of the law available to them, mandamus was not a proper remedy, and the order of the district court granting the defendants' motion for summary judgment is affirmed. The plaintiffs were not entitled to attorney fees pursuant to § 25-2165.

The judgment of the district court is affirmed.

AFFIRMED.

WHITE, J., not participating.