STATE OF NEBRASKA EX REL. WILLIAM G. LINE, APPELLANT, V. HONORABLE GERALD E. ROUSE, ACTING AS A JUDGE OF THE COUNTY COURT FOR DODGE COUNTY, NEBRASKA, BY DESIGNATION, APPELLEE, AND MERRILL SNOVER AND DOROTHY WILLNERD, COPERSONAL REPRESENTATIVES OF THE ESTATE OF WALTER SNOVER, DECEASED, INTERVENORS-APPELLEES.

491 N.W.2d 320

Filed October 23, 1992.    No. S-91-585.

William G. Line, of Kerrigan & Line, for appellant.

Don Stenberg, Attorney General, and Charles E. Lowe for appellee.

Charles H. Wagner, of Edstrom, Bromm, Lindahl, Wagner & Miller, for intervenors-appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

This case arose out of a controversy between the relator, William G. Line, an attorney at law, and Merrill Snover and Dorothy Willnerd, two beneficiaries of the estate of Walter Snover, deceased. The respondent is Gerald E. Rouse, a county judge.

Line was formerly the personal representative appointed in the Snover estate proceedings, but in *In re Estate of Snover*, 233 Neb. 198, 443 N.W.2d 894 (1989), the order of the district court removing Line as personal representative was affirmed.

Merrill Snover and Willnerd were appointed as copersonal representatives to succeed Line, and they then filed a motion in the estate proceeding to surcharge Line.

During the course of pretrial discovery proceedings concerning the surcharge motion, Line filed a motion to disqualify Charles H. Wagner and his law firm, Edstrom, Bromm, Lindahl & Wagner, the attorneys representing the successor copersonal representatives, from further representation of Snover and Willnerd on the ground that the attorneys would be called as witnesses in the proceeding on the surcharge motion. On October 15, 1990, the county court overruled Line's motion to disqualify Wagner and his firm because it had not been shown that counsel for the copersonal representatives would be needed as witnesses in the surcharge proceeding.

On October 31, 1990, Line commenced this action by a motion filed in the district court for a writ of mandamus to compel the respondent, Judge Rouse, to disqualify Wagner and his law firm from representing the successor copersonal representatives in the surcharge proceeding. The successor copersonal representatives then intervened in the mandamus

action.

On May 13, 1991, the district court found that Line had a clear and adequate remedy by an appeal from any rulings made by the county court and that a writ of mandamus would tend to control judicial discretion. The district court also found that the mandamus proceeding was a frivolous action. The district court dismissed the motion for a writ of mandamus and assessed attorney fees as costs in the amount of $800 against Line.

Line has appealed and assigned as error the finding that he had an adequate remedy by appeal, the finding that the writ of mandamus sought to control judicial discretion, the failure to find that counsel for the corepresentatives were essential witnesses for either the corepresentatives or Line, and the assessment of attorney fees against him on the ground that the action was frivolous.

In *State ex rel. Pederson v. Howell*, 239 Neb. 51, 56, 474 N.W.2d 22, 26 (1991), we held:

Mandamus is defined as an extraordinary remedy, not a writ of right, *State ex rel. Thompson v. Alderman*, 230 Neb. 335, 431 N.W.2d 625 (1988), issued to compel the performance of a purely ministerial act or duty, *State ex rel. Freezer Servs., Inc. v. Mullen*, 235 Neb. 981, 458 N.W.2d 245 (1990), imposed by law upon an inferior tribunal, corporation, board, or person, see Neb. Rev. Stat. § 25-2156 (Reissue 1989), where (1) the relator has a clear legal right to the relief sought; (2) there is a corresponding clear duty existing on the part of the respondent to do the act in question, *State ex rel. Mercurio v. Board of Regents*, 213 Neb. 251, 329 N.W.2d 87 (1983), cert. denied 463 U.S. 1214, 103 S. Ct. 3554, 77 L. Ed. 2d 1400; and (3) there is no other plain and adequate remedy available in the ordinary course of law, *State ex rel. PROUD v. Conley*, 236 Neb. 122, 459 N.W.2d 222 (1990).

While a writ of mandamus "may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, it cannot control judicial discretion." Neb. Rev. Stat. § 25-2156 (Reissue 1989).

The principal allegations against Line in the surcharge

proceeding relate to Line's failure to file a federal estate tax return when it was due and his failure to comply with the "Family Settlement Agreement." The successor copersonal representatives further allege that Line's failure to file a timely federal estate tax return resulted in an assessment of $5,455.86 in penalties to date and $11,451.67 in interest. They further allege that the estate was damaged in the amount of $21,823.43 in estate taxes because of Line's failure to comply with the "Family Settlement Agreement."

In defense of those allegations, Line contends that the settlement which the successor copersonal representatives made with the Internal Revenue Service was improvident and unreasonable and that the surcharge proceeding is barred by the statute of limitations.

Line argues that the testimony of the attorneys for the successor copersonal representatives is necessary to prove the intervenors' case and to establish his defense in the surcharge proceeding. He contends the attorneys should be disqualified from further representation of the successor copersonal representatives pursuant to Canon 5, DR 5-102 of the Code of Professional Responsibility.

DR 5-102 provides:

(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101(B)(1) through (4).

(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.

Line argues that DR 5-102 generally prohibits an attorney from being both a witness and counsel in the same case; that the

successor copersonal representatives' attorneys will necessarily be witnesses in the surcharge proceeding; and that therefore, the respondent, Judge Rouse, had no choice but to grant his motion to disqualify Wagner and his firm. We think it is far from clear that DR 5-102 is controlling in this case. The attorneys for the successor copersonal representatives have stated that they have no intention to testify in the surcharge proceeding and can fully present their clients' case without the necessity of having to testify on behalf of their clients. Counsel for the successor copersonal representatives have employed Gale Tessendorf, an independent counsel, in regard to the federal estate tax due, and believe that his testimony and admissions in the record and other documentation will be sufficient to make out their clients' case and to overcome the defenses raised by Line.

Line further contends that it is clear that he will call counsel for the successor copersonal representatives as witnesses for his defense in the surcharge proceeding and that, necessarily, their testimony will be prejudicial to the successor copersonal representatives. While Line has attempted unsuccessfully to depose the successor copersonal representatives' attorneys, he has not shown that the information he seeks cannot be obtained through interrogatories or other discovery methods.

The question presented in that regard is whether testimony of the successor copersonal representatives' attorneys would prejudice their clients. The resolution of that issue turns on a number of factors and is a matter of judicial discretion. Line has not shown that the respondent had a clear duty to disqualify counsel for the successor copersonal representatives under the facts presented.

Furthermore, Line has not established that he has no plain adequate remedy if mandamus is not issued. The facts show that Line has at least three plain and adequate remedies in the ordinary course of law.

Line can proceed in the surcharge proceeding and renew his motion to disqualify counsel at a later time if additional facts are developed which will show that the successor copersonal representatives' attorneys ought to be called as witnesses. The respondent made it clear he will be willing to consider further

motions as the surcharge proceeding progresses.

Line can still call the successor copersonal representatives' attorneys as witnesses if later he can establish that their testimony is relevant and necessary for his defense and that their testimony does not fall within a privilege or an immunity. If it then appears that the testimony would be prejudicial to the successor copersonal representatives, the attorneys could be disqualified.

Finally, if the respondent errs in failing to sustain a later motion to disqualify the successor copersonal representatives' attorneys, that error can be adequately remedied by an appeal if Line is surcharged. The appellate court could order a new trial, with the successor copersonal representatives' attorneys disqualified from acting as counsel in that trial and available as witnesses if any party calls them. This would remedy any error in not disqualifying counsel earlier.

Without regard to what the merits may be in the surcharge proceeding, it is clear from the record in this case that Line had no right at this time to a writ of mandamus against the respondent and that this action was frivolous. Line had no clear legal right to disqualification of counsel for the successor copersonal representatives, the respondent had no clear duty to disqualify the attorneys, and there were plain and adequate remedies available to Line in the ordinary course of law.

Neb. Rev. Stat. § 25-824(2) (Reissue 1989) provides for an assessment of "reasonable attorney's fees and court costs against any attorney or party who has brought or defended a civil action that alleges a claim or defense which a court determines is frivolous or made in bad faith." The record and the procedural history of this case demonstrate that the district court's assessment of attorney fees against Line was proper.

The court's judgment refusing to issue a writ of mandamus directing the respondent to disqualify the successor copersonal representatives' attorneys is affirmed in all respects. The appellees are allowed an additional $800 for the services of their attorneys in this court under § 25-824, to be taxed as costs against the appellant.

AFFIRMED.