STATE EX REL. HILT TRUCK LINE, INC., APPELLANT, V.
HARRY "PETE" PETERSON, DIRECTOR OF THE
DEPARTMENT OF MOTOR VEHICLES FOR THE STATE OF
NEBRASKA, APPELLEE.
337 N.W.2d 133

Filed August 5, 1983. No. 82-310.

Michael O. Johanns of Peterson, Bowman & Johanns, for appellant.

Paul L. Douglas, Attorney General, and Ruth Anne E. Galter, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

SHANAHAN, J.

Hilt Truck Line, Inc. (Hilt), requested a writ of mandamus requiring the director of the Department of Motor Vehicles (department) to process Hilt's application for proportional registration of its truck fleet pursuant to Neb. Rev. Stat. § 60-305.09 (Reissue

1978). The trial court denied the writ, finding that the director's granting of a proportional registration is a discretionary duty. Hilt appeals, assigning as errors the court's finding that issuance of the license was discretionary and the court's failing to grant the writ of mandamus.

Hilt, a Nebraska corporation, is an interstate motor common carrier which owns no trailers and leases all of its fleet's tractors from the owner-operators.

In September 1981 Iowa requested the Nebraska Department of Motor Vehicles to investigate whether Hilt was entitled to claim Nebraska as its base jurisdiction. The department audited Hilt's records at 1415 South 35th Street in Council Bluffs, Iowa, where a sign indicated Hilt Truck Line. A Hilt employee requested that the audit be conducted at the Council Bluffs address. The department also investigated 14709 Arbor Street, Omaha, Nebraska, the Hilt business address listed on previous applications for proportional licensing. The investigation showed that this address was the private residence of a Hilt employee and that no phone for Hilt was listed at this address.

In December 1981 Hilt filed an application for proportional registration of its fleet and listed 14709 Arbor Street as its business address. In a December 4 letter to Hilt, the department denied the application, stating that its investigation revealed Hilt "does not meet the criteria of a Nebraska based fleet but rather an Iowa based fleet" under the International Registration Plan (IRP).

On January 7, 1982, Hilt filed proceedings for a writ of mandamus. On January 21, 1982, Hilt sent a letter to the department, stating it had an established place of business at 13626 C Street, Omaha, which satisfied the IRP's criteria necessary for a Nebraska-based fleet. The department wrote to Hilt that it would need to investigate further to determine if the C Street facility qualified "as a principal

place of business as defined by Nebraska statutes."

At trial Thomas Hilt, president of Hilt, testified that the company is leasing a building at 13626 C for office space and that the building has a sign for Hilt Truck Line, Inc. The office has Hilt financial records; is generally open from 8:30-4:30, with a Hilt employee present; and has a phone publicly listed in Omaha under the company name. He also testified that Hilt accrues a majority of its miles in Nebraska.

Harry Peterson, director of the Department of Motor Vehicles, testified that the department, in processing an application for proportional registration, must determine if the registrant has an established place of business in Nebraska under the IRP criteria, and must also determine if the registrant is "properly registered" by having a "principal place of business" in the state pursuant to § 60-305.09. Sandra Bock, the department employee in charge of interstate registration, was of the opinion that Hilt had satisfied the criteria for "established place of business" under the IRP, but further investigation was necessary to determine Hilt's "principal place of business."

The trial court, denying the writ, found the department employed discretion in determining Hilt's "established place of business" under the IRP and in determining if Hilt was "properly registered."

Pertinent statutes of the Motor Vehicle Registration Law are Neb. Rev. Stat. §§ 60-305.03 and 60-305.09 (Reissue 1978). Section 60-305.09(1) states: "Any owner engaged in operating a fleet of apportionable commercial vehicles in this state in interstate commerce may, in lieu of registration of such vehicles under the general provisions of sections 60-301 to 60-344, register and license such fleet for operation in this state by filing a sworn statement with the Department of Motor Vehicles, which shall be in such form and contain such information as the department shall require, declaring the total mile-

age operated by such vehicles in all states and in this state during the preceding year and describing and identifying each such vehicle to be operated in this state during the ensuing license year. The application shall be accompanied by payment of the registration fee determined as provided in this section. Upon receipt of such statement, the department shall determine the total fee payment . . . and shall notify the applicant of the amount of any additional payment required to be made. . . .

. . . .

"Upon completion of such processing and receipt of the appropriate fees, the department shall issue to the applicant a sufficient number of distinctive registration certificates . . . for display on the vehicle . . . identifying it as a part of an interstate fleet proportionately registered. . . .

"The vehicles so registered shall be exempt from all further registration and license fees under sections 60-301 to 60-344 for movement or operation in the State of Nebraska. . . .

"The right of applicants to proportional registration hereunder shall be subject to the terms and conditions of any reciprocity agreement, contract or consent made by the Department of Motor Vehicles.

". . . Each vehicle of a fleet registered by a resident of Nebraska on an apportionment basis shall be considered as fully registered for both interstate and intrastate commerce."

The department has entered into a reciprocal agreement, the International Registration Plan, and consequently applicant's rights to proportional registration are subject to this plan. Under the IRP, "An applicant for proportional registration shall file a uniform application with the Commissioner of the base jurisdiction in lieu of registration under other applicable statutes." Int'l Regis. Plan § IV A.1. (1980).

" 'Base Jurisdiction' means, for purposes of fleet registration, the jurisdiction where the registrant

has an established place of business, where mileage is accrued by the fleet and where operational records of such fleet are maintained or can be made available . . . ." Int'l Regis. Plan § II C.1. (1980).

The commentary for C.1. states in part: "Although 'an established place of business' is not defined, it is construed to mean: '. . . a physical structure owned, leased or rented by the fleet registrant the location of which is designated by street number or road location, and which is open during normal business hours; and in which are located:

"1) a telephone or telephones publicly listed in the name of the fleet registrant,

"2) a person or persons conducting the fleet registrant's business, and,

"3) the operational records of the fleet (unless such records can be made available . . . .)' "

Section 60-305.03 authorizes the director of the Department of Motor Vehicles to enter into reciprocal agreements with other states. "Nonresident owners; trucks and buses; where no reciprocity; fees; all vehicles; reciprocal agreements authorized; terms and conditions; revision; absence of agreement; effect. . . .

"(2) In order to effect the purposes of . . . section 60-305.09, the Director of Motor Vehicles shall have the power, duty and authority to enter into reciprocal agreements with the duly authorized representatives of other jurisdictions . . . granting to vehicles or owners of vehicles which are *properly registered* or licensed in such jurisdictions, and for which evidence of compliance is supplied, benefits, privileges and exemptions from the payment, wholly or partially, of any fees, or other charges imposed upon such vehicles or owners with respect to the operation or ownership of such vehicles under the laws of this state. Such agreements or arrangements shall provide that vehicles registered or licensed in this state when operated upon the highways of such other jurisdictions shall receive exemptions, benefits and

privileges of a similar kind or to a similar degree as are extended to vehicles from such jurisdictions in this state. . . .

"(3) . . . .

"Where no written agreement or arrangement has been entered into with another jurisdiction, or declaration issued pertaining thereto, any vehicle *properly registered* in such jurisdiction, and for which evidence of compliance is supplied, may be operated in this state and shall receive the same exemptions, benefits and privileges granted by such other jurisdiction to vehicles registered in this state.

. . . .

"(7) Properly registered shall mean a vehicle licensed or registered in one of the following: . . . (b) the jurisdiction in which a commercial vehicle is registered, where the operation in which such vehicle is used has a *principal place of business* therein, and from or in which the vehicle is most frequently dispatched, garaged, serviced, maintained, operated or otherwise controlled, and the vehicle is assigned to such principal place of business . . . ." (Emphasis supplied.)

The principal issue is whether the director's granting of a proportional registration is a ministerial task.

Mandamus is available to enforce the performance of ministerial duties of a public official but is not available if the duties are quasi-judicial or discretionary. The general rule is that an act is ministerial if there is an absolute duty to perform in a specified manner upon the existence of certain facts. *Singleton v. Kimball County Board of Commissioners*, 203 Neb. 429, 279 N.W.2d 112 (1979).

In *Little v. Board of County Commissioners*, 179 Neb. 655, 140 N.W.2d 1 (1966), we stated an act may be held to be ministerial even though the person performing it may have to satisfy himself that a certain state of facts exists under which it is his duty to perform the act. In that case the court found the

county board's incorporating a village was a ministerial duty, even though the board had to ascertain that the village was a true village, that the inhabitants were actual residents, and that a majority of the inhabitants had signed the petition. Once the board found these facts existed, the statute required the board to incorporate the village and the board lacked discretion to act otherwise.

In the present case it is clear that, under § 60-305.09(1) and the IRP, the director must determine if the information in the application is correct; if the fees are paid; and if Nebraska is the proper base jurisdiction, which includes ascertaining whether the registrant has "an established place of business" in Nebraska. To satisfy the "established place of business" criteria, the department must find that Hilt is leasing or owns a physical structure, open during normal business hours, which has an address, a publicly listed phone in Hilt's name, a person conducting Hilt's business, and where fleet records can be made available. The department's determinations involve only these findings of fact. Once the department finds these requirements are satisfied, § 60-305.09(1) requires that "the department shall issue to the applicant" his registration certificates, and the department has no discretion to refuse registration. Thus, upon satisfaction of the requirements of § 60-305.09(1), granting a proportional registration is a ministerial duty and the trial court erred in finding such act to be a discretionary duty.

Further, no statute supports the department's position and argument that the director must determine that Hilt is "properly registered" with its "principal place of business" in Nebraska. The phrase "properly registered" and its definition involving "principal place of business" are found in § 60-305.03. See § 60-305.03(2), (3), and (7). That statute refers to Nebraska's granting a nonresident owner a registration exemption if his vehicle is

"properly registered" in a jurisdiction other than Nebraska. "Properly registered" does not refer to vehicles of resident owners. Because Hilt is incorporated in Nebraska, it is a resident of this state regarding the Motor Vehicle Registration Law, and the requirement, "properly registered," as defined by § 60-305.03(7), is not applicable to Hilt. See *Riss & Co. v. Bowers*, 114 Ohio App. 429, 182 N.E.2d 862 (1961) (a domestic corporation is a resident for the purpose of motor vehicle registration laws). Thus, the trial court erred in finding the department was required to determine whether Hilt was "properly registered" and whether Hilt's "principal place of business" was Nebraska.

Granting a proportional registration license is a ministerial duty, and, therefore, mandamus is the proper remedy. The next question is whether Hilt satisfied its burden of proof for the writ. Where the duty to grant a license is ministerial, the court will grant mandamus to compel issuance of the license on the relator's compliance with all the statutory terms and conditions. 55 C.J.S. *Mandamus* § 156 c. (1948); *State, ex rel. Andruss v. Mayor*, 120 Neb. 413, 233 N.W. 4 (1930). Hilt has presented evidence that it had filed a correct application, with its office address, satisfying the IRP's criteria for base jurisdiction, and that it is ready and willing to pay the registration fees. The department presented no evidence to rebut Hilt's compliance with the statutory requirements. Hence, Hilt should be granted a writ of mandamus to compel the director to grant Hilt a proportional registration license.

REVERSED AND REMANDED WITH DIRECTIONS.