MOLNAR, d.b.a. Permit Holders Assistance, Appellant,

v.

OHIO LIQUOR CONTROL COMMISSION et al., Appellees.

[Cite as *Molnar v. Ohio Liquor Control Comm.* (1992), 79 Ohio App.3d 318.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–1040.

Decided May 7, 1992.

*Jonathan Molnar, pro se.*

*Lee I. Fisher,* Attorney General, and *Lauren M. Ross,* Assistant Attorney General, for appellees.

BOWMAN, Judge.

Appellant, Jonathan Molnar, ·d.b.a. Permit Holders Assistance, filed a declaratory judgment action in the Franklin County Court of Common Pleas, seeking injunctive relief in the form of an order requiring appellee, the Ohio Liquor Control Commission ("commission"), to allow him to continue to appear on behalf of liquor permit holders during proceedings before the commission. Appellant sought this relief after the commission required him to cease representing permit holders due to an investigation of him by the Ohio Supreme Court's Board of Commissioners on the Unauthorized Practice of Law.

On July 16, 1991, the referee appointed to hear the declaratory judgment action issued a report recommending that the court grant the commission's motion to dismiss because appellant had sought a declaratory judgment instead of a writ of prohibition or a writ of mandamus. According to the referee, declaratory judgment was not the proper remedy because appellant's objective was to force the commission to allow his representation of permit holders, rather than to obtain a declaration of rights.

In August 1991, the trial court adopted the report and recommendation of the referee in the following entry:

"This cause is before the Court upon the Report of the Referee. No objection having been filed thereto.

"This Court having examined their [sic] report in detail and having determined that it is in all aspects proper, the same is adopted. The Plaintiff's Petition for Declaratory Injunctive Relief are [sic] DENIED and DISMISSED."

Appellant now assigns the following as error:

"Assignment of Error No. 1

"The trial court erred in holding that appellant['s] activities in all hearings before the defendant commission constituted 'representation.'

"Assignment of Error No. 2

"The trial court erred in holding that appellant['s] activities in 'uncontested' cases at hearings before the defendant commission constituted 'representation.'"

We will combine appellant's assignments of error for the purposes of this appeal.

Appellant asserts that, because at the time of the judgment there had been no determination that he had engaged in the unauthorized practice of law, the trial court erred in concluding that appellant was representing permit holders. However, the record indicates that this was not the basis of the trial court's decision. The court simply dismissed on the basis of the referee's report and recommendation which had determined that a declaratory judgment action was an improper method of pursuing appellant's objectives.

The purpose of a declaratory judgment is to declare " * * * rights, status, and other legal relations whether or not further relief is or could be claimed. * * *" R.C. 2721.02. A court may refuse to enter a declaratory judgment " * * * when such judgment or decree would not terminate the uncertainty or controversy giving rise to the proceeding." R.C. 2721.07. An action for declaratory judgment is not a substitute for an action in mandamus. *State ex rel. Fenske v. McGovern* (1984), 11 Ohio St.3d 129, 11 OBR 426, 464 N.E.2d 525.

*McGovern* addressed the converse question of whether mandamus should be granted where relator has an adequate remedy at law through a declaratory judgment, determining that, at 131, 11 OBR at 427, 464 N.E.2d at 528:

"The availability of an action for declaratory judgment does not bar the issuance of a writ of mandamus if the relator demonstrates a clear legal right thereto, although the availability of declaratory judgment may be considered by the court as an element in exercising its discretion whether a writ should issue. * * * Here, assuming relator otherwise demonstrates a clear legal right to the requested writ, declaratory judgment would not be a complete remedy, unless coupled with ancillary relief in the nature of mandatory

injunction since relator seeks to compel respondents * * * to perform a specific act incumbent upon their offices. Accordingly, under the circumstances involved, the availability of declaratory judgment would not be an appropriate basis to deny a writ to which relator is otherwise entitled."

*McGovern* stands for the proposition that, where declaratory judgment would not be a complete remedy unless coupled with a mandatory injunction and where the plaintiff is actually seeking to compel the performance of a duty required by law, declaratory judgment is an insufficient remedy. Moreover, *McGovern* suggests that a court may dismiss a declaratory judgment action under Civ.R. 12(B)(6) without declaring the rights of the parties, since such dismissal establishes only that the complaint did not state a claim for relief in declaratory judgment. *McGovern, supra,* paragraph four of the syllabus.

We thus hold under these facts that the trial court's dismissal of appellant's declaratory judgment action simply indicated that appellant's complaint did not state a claim for relief in declaratory judgment, and did not declare the rights or status of the parties, as is argued by appellant.

In his report and recommendation, the referee did indicate that, even if appellant had properly filed an original action, appellant could not have prevailed because under R.C. 119.13 only an attorney at law may represent parties in administrative actions. However, we find that this statement was dicta. In his report, the referee found that, although the board of commissioners had authorized the Disciplinary Counsel to commence an action to determine whether appellant had engaged in the unauthorized practice of law and although appellant had been informed by the commission that he would no longer be permitted to represent permit holders, the Disciplinary Counsel had not yet initiated action against appellant. See *Disciplinary Counsel v. Molnar* (1990), 57 Ohio Misc.2d 39, 567 N.E.2d 1355. Therefore, the referee admitted there was no finding that appellant had engaged in the unauthorized practice of law.

Neither the referee nor the trial court in this matter declared that appellant's activities constituted "representation." The trial court simply dismissed the matter on the basis that appellant could not obtain his objectives through a declaratory judgment action.

Having found no error on the part of the trial court, we overrule appellant's first and second assignments of error and affirm the judgment of the trial court.

*Judgment affirmed.*

McCormac and Deshler, JJ., concur.