RANDALL G. DOZLER, APPELLEE, V. JACK C. CONRAD, DIRECTOR
OF DEPARTMENT OF MOTOR VEHICLES, APPELLANT.

532 N.W.2d 42

Filed May 16, 1995.    No. A-93-390.

Don Stenberg, Attorney General, and Mary L. Hewitt for appellant.

David C. Mitchell, of Yost, Schafersman, Yost, Lamme, Hillis & Mitchell, P.C., for appellee.

HANNON, IRWIN, and MUES, Judges.

MUES, Judge.

## INTRODUCTION

Jack C. Conrad, the director of the Department of Motor Vehicles (Director), appeals from the order of the district court for Dodge County, Nebraska, issuing a writ of mandamus that commanded the Director to immediately dismiss all administrative license revocation (ALR) proceedings currently pending against Randall G. Dozler pursuant to Neb. Rev. Stat. § 39-669.16(4) (Cum. Supp. 1992), as in effect at that time, arising out of a March 16, 1993, arrest in Dodge County for driving while under the influence of alcohol (DWI). The writ commanded the reinstatement of Dozler's automobile operator's license immediately without payment of the reinstatement fee. As the writ of mandamus was properly entered, we affirm.

## FACTS

On March 16, 1993, Dozler was arrested in Dodge County

for DWI. At this time, the arresting officer impounded his driver's license and issued him a 30-day temporary license. In a letter on the official letterhead of the Dodge County Attorney that was dated March 17, 1993, the Dodge County Attorney's office advised Dozler that he need not appear on March 30, as the DWI charge was not being filed. On March 18, a notice advising the county court for Dodge County that the prosecuting attorney had declined to file the charges was filed with the court.

On April 2, 1993, Dozler served a document captioned "Motion to Dismiss" upon the Nebraska Department of Motor Vehicles (DMV). In this document, Dozler requested that the pending ALR proceedings before the Director be dismissed pursuant to § 39-669.16(4)(a) because the prosecuting attorney had declined to file DWI charges. Dozler also requested that his license be immediately reinstated without payment of the reinstatement fee. Copies of the letter from the Dodge County Attorney's office and the notice to the court were attached to the motion to dismiss.

On April 5, the Director issued an "Order Denying Motion to Dismiss." The Director stated that Dozler had not provided sufficient evidence that the prosecuting attorney had declined to file the DWI charges. In his order, the Director stated that pursuant to 247 Neb. Admin. Code, ch. 1, § 025.01 (1993), the letter from the prosecuting attorney's office was not sufficient evidence because "[t]he letter is addressed solely to Appellant and fails to state any reason why the Dodge County Attorney declined to file charges. Furthermore, there is nothing on [the letter] to suggest it relates to the arrest for which Appellant's operating privileges are being revoked." In addition, the Director found that the notice filed with the county court was not sufficient evidence to dismiss the pending ALR proceeding because it

> is not a letter, rather it is a pleading which the Dodge County Attorney has purportedly filed with the local County Court . . . . While a certified copy of such a pleading might be accepted in lieu of a letter, there is nothing on the face of [the notice] to suggest it relates to the arrest for which Appellant's operating privileges are

being revoked. Further, [it] fails to state a reason why the Dodge County Attorney has declined to file a charge against Appellant . . . .

On April 7, Dozler filed a petition for writ of mandamus with the district court for Dodge County. The petition was signed and verified by Dozler. In his verified petition, Dozler averred that he had filed a motion to dismiss with the DMV, to which motion he had attached copies of the notice to the court and the letter from the prosecuting attorney's office, and that the Director had summarily denied the motion. Dozler further averred that the prosecuting attorney had declined and continued to decline to issue a written statement on official letterhead containing the reason for declining to file the DWI charge as required by the regulation "by virtue of the fact that Neb. Rev. Stat. §39-669.16(4)(a) requires no further specificity for the declination other than that which the prosecuting attorney has already provided." He averred that the regulations related to § 39-669.16(4) are arbitrary, unreasonable, and a usurpation of the authority granted to the Director and contravene the plain meaning and intent of the statute. He averred that the DMV continued to pursue its ALR proceedings against him, that as a self-employed farmer he would be irreparably harmed if the Director continued the ALR proceedings in derogation of § 39-669.16(4)(a), and that he had no adequate remedy at law. Dozler requested that the court issue a writ of mandamus granting him relief.

On April 7, the district court issued an order of mandamus commanding the Director to immediately dismiss all ALR proceedings against Dozler and to reinstate Dozler's license immediately without payment of the reinstatement fee or to show cause why he had not done so on Monday, April 12, at 4 p.m. The court ordered that notice of the writ be served by certified mail upon the Director and the Attorney General.

A telephonic hearing was held April 12. Dozler's attorney appeared in person, and a representative of the Attorney General's office appeared via telephone as attorney for the Director. Without objection, the district court file, the letter from the Dodge County Attorney's office, and the notice filed with the county court were received into evidence. Dozler

offered a document captioned "Report to County Attorney of Warrantless Arrest" which stated that the arresting officer arrested Dozler on the charge of DWI, first offense, on March 16 at 1:15 a.m. without a warrant, and an appearance bond dated March 16, 1993. The report and appearance bond were received by the court over the objection of the Director. Over the objection of the Director, an affidavit of Dozler dated April 12, 1993, stating that the attached March 17 letter from the Dodge County Attorney's office was received by him and that the charge dismissed by the Dodge County Attorney was his first and only DWI charge, was received by the court. At the request of the Director, the court took judicial notice of the relevant rules and regulations.

On April 12, the court issued a judgment granting a peremptory writ of mandamus commanding the Director to immediately dismiss all ALR proceedings against Dozler and to reinstate Dozler's license immediately without payment of the reinstatement fee. On this same date, the court also issued a writ of mandamus commanding the same. The Director timely filed the present appeal.

## ASSIGNMENTS OF ERROR

The appellant asserts the following assignments of error: (1) The district court erred in determining that an order of mandamus, a judgment granting a peremptory writ of mandamus, and a subsequent writ of mandamus were a proper remedy for the allegations in Dozler's petition; (2) even assuming that mandamus was an appropriate remedy, the district court erred in finding that the facts alleged and presented before the Director justified the granting of the extraordinary writ; and (3) the district court erred in receiving into evidence the report to county attorney of warrantless arrest, the appearance bond, and the affidavit of Dozler.

## STANDARD OF REVIEW

■ Mandamus is a law action, and conflicts in the evidence or findings of fact based thereon will not be disturbed on appeal unless clearly wrong. *State ex rel. Scoular Prop. v. Bemis*, 242 Neb. 659, 496 N.W.2d 488 (1993).

■ As to questions of law, an appellate court has an

obligation to reach a conclusion independent from a trial court's conclusion in a judgment under review. *National Acct. Sys. of Lincoln v. Vergith*, 246 Neb. 604, 521 N.W.2d 910 (1994); *Upah v. Ancona Bros. Co.*, 246 Neb. 585, 521 N.W.2d 895 (1994); *Lindsay Mfg. Co. v. Universal Surety Co.*, 246 Neb. 495, 519 N.W.2d 530 (1994).

RELEVANT STATUTE AND REGULATION

Section 39-669.16(4) states:

A person whose operator's license is subject to revocation pursuant to subsection (3) of section 39-669.15 shall have all proceedings dismissed or his or her operator's license immediately reinstated without payment of the reinstatement fee (a) upon presentation of suitable evidence to the director that within the thirty-day period following the date of arrest the prosecuting attorney responsible for the matter declined to file a complaint alleging a violation of section 39-669.07, (b) if the charge is dismissed, or (c) if the defendant, at trial, is found not guilty of violating section 39-669.07. The director shall adopt and promulgate rules and regulations establishing standards for the presentation of suitable evidence of compliance with subdivision (a), (b), or (c) of this subsection.

247 Neb. Admin. Code, ch. 1 (1993), provides:

025 DISMISSAL AND REINSTATEMENT The Department shall dismiss the administrative license revocation or immediately reinstate the license without payment of the reinstatement fee for those Appellants or licensees whose operator's license is subject to revocation for failure of test under Neb.Rev.Stat. §39-669.15(3) upon receipt of the Department of any of the following:

025.01 Written Statement. A written statement on official letterhead from the prosecuting attorney responsible for the matter stating that they declined to file a complaint alleging a violation of §39-669.07 within the 30-day period following the date of arrest. The letter must clearly state that the failure to file a complaint was based on one of the following grounds:

025.01A The law enforcement officer had no probable cause to believe that the person was operating or in the actual physical control of a motor vehicle; or

025.01B There was no lawful arrest effected; or

025.01C The person was not advised of the consequences if the chemical test disclosed the presence of alcohol in a concentration of 0.10 or more; or

025.01D The person was not operating or in the actual physical control of a motor vehicle while having an alcohol concentration of 0.10 or more.

025.01E If the written statement fails to state a reason for the prosecutor's failure to file a charge within 30 days or if the statement states a reason other than those specified above, it shall not be considered sufficient evidence for dismissing the administrative license revocation or for reinstatement of the license or operating privileges.

## ANALYSIS

Mandamus is a law action and is defined as an extraordinary remedy, not a writ of right. *State ex rel. Wieland v. Beermann*, 246 Neb. 808, 523 N.W.2d 518 (1994). We have an obligation to reach a conclusion independent from that of the trial court regarding matters of law, *Vergith, supra*; *Upah, supra*; and *Lindsay Mfg. Co., supra*, and we will not set aside the factual findings of the trial court unless clearly wrong, *Bemis, supra*. In an action at law tried without a jury, the findings of the district court have the effect of a verdict, the evidence will be considered in the light most favorable to the successful party, conflicts must be resolved in favor of the successful party, and the successful party is entitled to the benefit of every inference which can reasonably be deduced from the evidence. *Lone Cedar Ranches v. Jandebeur*, 246 Neb. 769, 523 N.W.2d 364 (1994).

The writ of mandamus is a remedy provided by statute in Nebraska. Neb. Rev. Stat. § 25-2156 (Reissue 1989) states in part: "The writ of mandamus may be issued to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law specifically enjoins as a

duty resulting from an office, trust or station." Statutory authority also requires that the writ of mandamus not be issued in any case where there is a plain and adequate remedy in the ordinary course of the law. Neb. Rev. Stat. § 25-2157 (Reissue 1989).

■ The Nebraska Supreme Court has held that a writ of mandamus may be

> issued to compel the performance of a purely ministerial act or duty, imposed by law upon an inferior tribunal, corporation, board, or person, where (1) the relator has a clear right to the relief sought, (2) there is a corresponding clear duty existing on the part of the respondent to perform the act in question, and (3) there is no other plain and adequate remedy available in the ordinary course of the law.

*Beermann*, 246 Neb. at 814, 523 N.W.2d at 524. See, also, *State ex rel. Creighton Univ. v. Hickman*, 245 Neb. 247, 512 N.W.2d 374 (1994).

*Plain and Adequate Remedy at Law.*

We will first address whether there was a plain and adequate remedy available to Dozler in the ordinary course of the law which would bar mandamus as a remedy. Dozler seems to argue there was no plain and adequate remedy at law available to him because while pursuing such other remedies his 30-day temporary license would expire and his license would be revoked. The Director argues that a declaratory judgment action, an appeal, or compliance with the requirements of the regulation were all plain and adequate remedies at law.

■ The Nebraska Supreme Court has repeatedly held that " 'where a specific duty is provided by statute, mandamus may be invoked to enforce it if denied; and the party entitled to such relief will not be forced to pursue his remedy *by circuitous and dilatory action at law. . . .' "* (Emphasis supplied.) *State ex rel. Creighton Univ. v. Smith*, 217 Neb. 682, 692, 353 N.W.2d 267, 273 (1984) (quoting *State ex rel. Simpson v. Vondrasek*, 203 Neb. 693, 279 N.W.2d 860 (1979)). Accord, *State ex rel. Agricultural Extension Service v. Miller*, 182 Neb. 285, 154 N.W.2d 469 (1967); *State ex rel. Herman v. City of Grand*

*Island*, 145 Neb. 150, 15 N.W.2d 341 (1944). In order to bar mandamus,

> the law remedy must afford all relief to which the plaintiff is entitled; it is not fully adequate unless it conforms to the necessities and rights of the complaining party under all the circumstances of the case, reaches the end intended, and actually compels performance of the duty in question. Furthermore, the remedy which will preclude mandamus must be equally as convenient, complete, beneficial, and effective as would be mandamus, and be sufficiently speedy to prevent material injury. The existence of a tedious and ill-adapted remedy will not prevent resort to mandamus.

52 Am. Jur. 2d *Mandamus* § 49 at 374 (1970).

The revocation of his license is the injury from which Dozler is seeking relief. Through the mandamus remedy, Dozler was granted his requested relief within the 30-day period between his arrest for DWI and the automatic revocation of his license. Based upon the above principles of law, any remedy at law must be as complete, effective, and speedy as mandamus in order to bar the remedy of mandamus.

A declaratory judgment action was a possible remedy at law available to Dozler. However, Dozler could only test the validity of the regulation in a declaratory judgment action pursuant to Neb. Rev. Stat. § 84-911 (Reissue 1987). If the court concluded the regulation was invalid, Dozler would still have to seek further relief for the reinstatement of his license or a direction to the Director to dismiss the ALR proceedings. Thus, a declaratory judgment would only be the first step to obtaining the relief Dozler sought.

In addition, the pursuit of a declaratory judgment would have allowed Dozler's license to be automatically revoked at the end of the 30-day period following his arrest. See Neb. Rev. Stat. § 39-669.15(6)(a) (Cum. Supp. 1992). After Dozler had filed a petition for declaratory judgment, the Director would have had 30 days after service to answer, see Neb. Rev. Stat. § 25-821 (Reissue 1989), discovery could have been conducted, see Neb. Ct. R. of Discovery (rev. 1992), and the case would have then been set for trial. It follows that a declaratory

744

judgment action would leave Dozler without a driver's license for an extended period of time. For these reasons, a declaratory judgment action would obviously have not remedied Dozler's injury in the speedy fashion afforded by a writ of mandamus.

The Director also contends that an appeal was an adequate remedy. Neb. Rev. Stat. § 39-669.18 (Reissue 1988) states: "Any person who feels himself or herself aggrieved *because of such revocation* may appeal therefrom . . . in accordance with the Administrative Procedure Act. Such appeal shall not suspend the order of revocation unless a stay thereof is allowed by a judge of such court . . . ." (Emphasis supplied.) Based upon the plain and ordinary meaning of this statute, it allows for an appeal from an order of revocation, *not* an appeal from a ruling of the Director that denied a request to dismiss the ALR proceedings. If we assume Dozler could have appealed the revocation order, the automatic revocation of his license would have become effective unless the district judge, within his discretionary powers, stayed the order of revocation. See § 39-669.18. For these reasons, an appeal pursuant to § 39-669.18 was not an adequate remedy at law.

The Administrative Procedure Act, Neb. Rev. Stat. §§ 84-901 to 84-920 (Reissue 1987 & Cum. Supp. 1992), provides for appeals from administrative decisions in certain situations. The Administrative Procedure Act provides judicial review for "[a]ny person aggrieved by a final decision in a contested case." § 84-917(1). A contested case is defined at § 84-901(3) as "a proceeding before an agency in which the legal rights, duties, or privileges of specific parties *are required by law or constitutional right to be determined* after an agency hearing." (Emphasis supplied.) Dozler was not entitled to appeal the Director's ruling under the Administrative Procedure Act because a hearing is not required by law before the Director issues his decision regarding the dismissal of the ALR proceedings. For these reasons, neither an appeal pursuant to § 39-669.18 nor an appeal pursuant to the Administrative Procedure Act was an adequate remedy at law.

The Director also contends that Dozler could have complied with the requirements in the regulation by either obtaining a letter from the prosecuting attorney containing one of the

allowed reasons for the failure to file or a certified copy of the notice filed with the court. Even if Dozler had obtained a certified copy of the notice, the Director might not have dismissed the ALR proceedings because the regulation does not provide that a certified copy of such a notice is "sufficient evidence." See § 025.01.

In addition, an attempt to comply by obtaining a letter complying with the requirements was not an adequate remedy at law. Dozler averred in his verified petition that the prosecuting attorney refused, and continued to refuse, to supply the reason he failed to file the DWI charges. Dozler's verified petition was received as evidence, and we consider it in the light most favorable to Dozler, the prevailing party. *Lone Cedar Ranches v. Jandebeur*, 246 Neb. 769, 523 N.W.2d 364 (1994). Therefore, in order to comply with the requirements in the regulation, Dozler would first have had to receive a court order commanding the prosecuting attorney to comply with the regulation. Such a process would be "circuitous and dilatory" and not an adequate remedy at law. See *State ex rel. Creighton Univ. v. Smith*, 217 Neb. 682, 353 N.W.2d 267 (1984).

As the legal remedies available to Dozler were "circuitous and dilatory" at best, the writ of mandamus was an appropriate remedy for Dozler to seek.

*Clear Duty to Perform the Act.*

The next question is whether the Director had a clear duty to dismiss the ALR proceedings against Dozler. In order for a writ of mandamus to issue, the performance to be compelled must be a purely ministerial act or duty imposed by law upon an appropriate party. See *State ex rel. Wieland v. Beermann*, 246 Neb. 808, 523 N.W.2d 518 (1994). The general rule is that an act or duty is ministerial if there is an absolute duty to perform in a specified manner upon the existence of certain facts. *Id.*; *State ex rel. FirsTier Bank v. Buckley*, 244 Neb. 36, 503 N.W.2d 838 (1993). A seemingly discretionary decision to act may, in fact, be purely ministerial. *Beermann, supra.* The Nebraska Supreme Court has stated: "Legal or factual determinations made at the outset of the inquiry do not make the decision to act discretionary. The requirement to act

upon certain factual findings is still ministerial if there is a requirement to act at all." *Id.* at 815, 523 N.W.2d at 524.

Dozler urges that the requirement in § 025.01 that in order for the Director to dismiss the ALR proceedings or reinstate the license the prosecuting attorney must supply a reason named in the regulation for declining to file the DWI charge is invalid and that under § 39-669.16(4) the Director had a clear duty to dismiss the ALR proceedings.

We will first address whether § 025.01 is valid. If it is valid, the Director did not have a clear duty to act because the requirements of the regulation were not satisfied. Departmental or administrative decisions contrary to law or based on a mistaken view of the law are not within the exercise of discretion lying outside the remedy of mandamus. *Smith, supra*. By mandamus a court can correct such mistake of law and compel the proper application of law. *Id.*

The Legislature authorized the Director to "adopt and promulgate rules and regulations establishing standards for the presentation of suitable evidence of compliance with" the requirement that "within the thirty-day period following the date of arrest the prosecuting attorney . . . declined to file a complaint." § 39-669.16(4). Clearly, the Legislature can delegate to an administrative agency the power to make rules and regulations to implement the policy of a statute. *State ex rel. Spire v. Stodola*, 228 Neb. 107, 421 N.W.2d 436 (1988); *County of Dodge v. Department of Health*, 218 Neb. 346, 355 N.W.2d 775 (1984). However, the agency is limited in its rulemaking authority to the powers delegated to it by the statute which it is to administer. *Id.* In order to be valid, a rule or regulation must be consistent with the statute under which it is promulgated. *Id.* " 'An administrative agency cannot use its rule-making power to modify, alter, or enlarge provisions of a statute which it is charged with administering. . . .' " *Beatrice Manor v. Department of Health*, 219 Neb. 141, 145, 362 N.W.2d 45, 49 (1985) (quoting *County of Dodge, supra*).

When statutory language is plain and unambiguous, no judicial interpretation is needed to ascertain its meaning, and the words in a statute will be given their ordinary meaning. *World Radio Lab. v. Coopers & Lybrand*, 2 Neb. App. 747, 514

N.W.2d 351 (1994). For purposes of construction, a rule or order of an administrative agency is treated like a statute. *Stratbucker Children's Trust v. Zoning Bd. of Appeals*, 243 Neb. 68, 497 N.W.2d 671 (1993).

Based upon the plain and unambiguous language of § 39-669.16(4), the Legislature gave the Director the authority to adopt and promulgate rules and regulations establishing *what types of evidence* are considered sufficient to show that the prosecuting attorney has declined to file the DWI charge. The Director was not given the authority to determine what reasons are sufficient for a prosecutor's decision not to file the DWI charge and to determine that the Director will dismiss the ALR proceedings *only if* one of the four particular reasons is provided. We note that the four reasons enumerated in the regulation are the four issues that may be raised by a defendant in the administrative hearing.

As the regulation requires that the prosecuting attorney provide one of four particular reasons for the failure to file the DWI charge in order for the Director to dismiss the ALR proceedings, it is not consistent with § 39-669.16(4), and it modifies, alters, and restricts the provisions of the statute. Therefore, that part of the regulation requiring that one of the four particular reasons be given by the prosecuting attorney for his or her failure to file the DWI charge in order for the Director to dismiss the ALR proceedings is an invalid exercise of the Director's rulemaking power. Namely, the following sections of the Director's regulation are invalid: that part of § 025.01 reading, "The letter must clearly state that the failure to file a complaint was based on one of the following grounds:" and §§ 025.01A, 025.01B, 025.01C, 025.01D, and 025.01E. We conclude that these provisions of the regulation are invalid because the Director exceeded his rulemaking authority, and therefore, these provisions of the regulation have no force and effect.

We note that our clear and "common sense" reading of the statute is supported by legislative history. The legislative history shows that senators expressed concerns during a committee hearing that under the proposed provisions of the statute the ALR proceedings would continue even if the DWI prosecution

failed. Committee on Transportation, L.B. 291, 92d Leg., 1st Sess. 68-86 (Feb. 12, 1991). These senators were concerned that there could be different results in the ALR proceedings and the DWI proceedings. *Id*. Subsection (4) of § 39-669.16 was added by the Committee on Transportation to address these concerns.

We conclude that under § 39-669.16(4) and the remaining part of the regulation the Director has an absolute duty to dismiss the ALR proceedings upon the existence of certain facts, i.e., the presentation of sufficient evidence that the prosecuting attorney declined to file the DWI charge. Once this requirement is satisfied, § 39-669.16(4) requires that "[a] person whose operator's license is subject to revocation . . . shall have all proceedings dismissed or his or her operator's license immediately reinstated without payment of the reinstatement fee," and the Director has no discretion to refuse to dismiss the proceedings or reinstate the license.

*Clear Right to the Relief Sought.*

The next question is whether Dozler satisfied his burden of proof for the writ. See *State ex rel. Hilt Truck Line v. Peterson*, 215 Neb. 81, 337 N.W.2d 133 (1983). The duty to act must be actually due from the respondent at the time of the application. *State ex rel. Boyer v. Grady*, 201 Neb. 360, 269 N.W.2d 73 (1978). Where the duty to act is ministerial, the court will grant mandamus to compel the act on the relator's compliance with all the statutory and regulatory terms and conditions. See *Peterson, supra*.

Dozler presented evidence that he filed a motion to dismiss with the Director that was accompanied by a letter dated March 17, 1993, from the prosecuting attorney's office on official letterhead which stated that the DWI charge was not being filed. This evidence was sufficient under the remaining portion of § 025.01 because it was a "written statement on official letterhead from the prosecuting attorney . . . stating that they declined to file a complaint alleging a violation of §39-669.07 within the 30-day period following the date of arrest."

The Director's argument that the letter was not "sufficient evidence" because it did not contain a reason for the failure to file has no merit because we concluded above that those

provisions of the regulation are invalid. The Director also argues that the letter was addressed only to Dozler and for this reason did not satisfy the requirements of the regulation. However, there is no language in the statute or the regulation requiring that a letter meeting all other requirements be addressed to the Director or anyone else. Therefore, this argument has no merit.

The Director argues that the letter failed to establish that the prosecuting attorney's actions were related to the March 16, 1993, arrest for which the ALR proceedings were pending. In issuing the writ of mandamus, the district court obviously found that the prosecuting attorney's actions were related to the March 16 arrest. Dozler's verified petition, received into evidence without objection, stated that the ALR proceedings were related to the March 16 arrest in Dodge County. The Director offered no evidence to the contrary. The district court was not clearly wrong in concluding that Dozler had a right to the issuance of the writ of mandamus.

Because the evidence offered and received without objection satisfied Dozler's burden of proof for the writ, we need not address whether the district court improperly received the report to county attorney of warrantless arrest, the appearance bond, and the affidavit of Dozler.

## CONCLUSION

The writ of mandamus is an appropriate remedy for the relief sought in the case before us. Dozler had no plain and adequate remedy available in the ordinary course of the law. The Director had a clear duty to dismiss the ALR proceedings. Dozler had a clear right to the relief sought. For these reasons, we affirm the district court's issuance of the writ of mandamus.

AFFIRMED.