Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/09/2020 02:10 AM CST

Donald V. Cain, Jr., appellant, v.
Lana Lymber, in her official
capacity as Custer County
assessor, appellee.

___ N.W.2d ___

Filed August 14, 2020.    No. S-19-807.

1. **Summary Judgment: Appeal and Error.** An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.

2. ____: ____. An appellate court reviews the district court's grant of summary judgment de novo, viewing the record in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor.

3. **Declaratory Judgments: Appeal and Error.** In an appeal from a declaratory judgment, an appellate court, regarding questions of law, has an obligation to reach its conclusion independently of the conclusion reached by the trial court.

4. **Declaratory Judgments.** The function of a declaratory judgment is to determine justiciable controversies which either are not yet ripe for adjudication by conventional forms of remedy or, for other reasons, are not conveniently amenable to the usual remedies.

5. ____. An action for a declaratory judgment will not lie where another equally serviceable remedy is available.

6. **Mandamus: Words and Phrases.** Mandamus is a law action and is defined as an extraordinary remedy, not a writ of right, issued to compel the performance of a purely ministerial act or duty, imposed by law upon an inferior tribunal, corporation, board, or person, where (1) the relator has a clear right to the relief sought, (2) there is a corresponding clear duty existing on the part of the respondent to perform the act,

and (3) there is no other plain and adequate remedy in the course of the law.

7. **Mandamus.** An act or duty is ministerial only if there is an absolute duty to perform in a specified manner upon the existence of certain facts.

8. **Courts: Judgments: Appeal and Error.** A lower court has an unqualified duty to follow the mandate issued by an appellate court and must enter judgment in conformity with the opinion and judgment of the appellate court.

9. **Judgments: Appeal and Error.** No judgment or order different from, or in addition to, the appellate mandate can have any effect.

10. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

Appeal from the District Court for Custer County: Karin L. Noakes, Judge. Affirmed.

David A. Domina, of Domina Law Group, P.C., L.L.O., for appellant.

Steven R. Bowers, Custer County Attorney, and Kayla C. Clark for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Papik, J.

Donald V. Cain, Jr., filed an action in district court against the Custer County assessor (Assessor) and the Tax Equalization and Review Commission (TERC) in which he alleged that the Assessor and the TERC failed to adhere to our mandate in a prior appeal and that, as a result, the Assessor recorded the taxable value of his property incorrectly. He sought an order declaring the meaning of our prior opinion and directing the Assessor to record the taxable value he understood our prior opinion to require. The district court dismissed the TERC as a party and concluded that it did not have authority to enter a declaratory judgment. We affirm.

## BACKGROUND

This is the third time the subject of Cain's 2012 property tax obligation has come before this court. We summarize how we have reached this point in the sections below.

### Cain I.

Cain owns several parcels of land in Custer County, Nebraska. In 2012, after the Assessor increased the assessed value of Cain's property, Cain challenged the valuation increase with the TERC pursuant to Neb. Rev. Stat. § 77-1507.01 (Reissue 2018). The TERC affirmed the increased valuations, and Cain appealed to this court. See *Cain v. Custer Cty. Bd. of Equal.*, 291 Neb. 730, 868 N.W.2d 334 (2015) (*Cain I*).

On appeal, we found the TERC plainly erred by reviewing Cain's protests under an incorrect standard. The TERC applied a standard applicable in appeals, but we explained it should have applied a different standard applicable to cases like Cain's seeking initial review under § 77-1507.01. We reversed the decision of the TERC and remanded the cause with instructions for the TERC to reconsider the matter on the record using the correct standard. *Cain I, supra.*

### Cain II.

After remand, the TERC reviewed the record and, without an additional hearing, considered Cain's protests. The TERC issued a new order which reversed in part the Assessor's determination with respect to some parcels of Cain's land and affirmed the Assessor's valuations as to others. Cain again appealed. See *Cain v. Custer Cty. Bd. of Equal.*, 298 Neb. 834, 906 N.W.2d 285 (2018) (*Cain II*).

In *Cain II*, Cain contended, among other things, that the TERC erred in affirming the Assessor's valuations. Before reaching that issue, we explained that under Neb. Rev. Stat. § 77-201(1) (Reissue 2009), all real property, unless expressly exempt, is subject to taxation and is to be valued at its actual value. We also noted that while most real property is valued

for taxation purposes at 100 percent of its actual value, "the Legislature has determined that agricultural and horticultural land shall be valued at 75 percent of its value." *Cain II*, 298 Neb. at 843, 906 N.W.2d at 294. We stated that "the ultimate issue of fact in this case is the actual value of Cain's subject property in 2012." *Id.* at 846, 906 N.W.2d at 295.

After summarizing the evidence and analyzing Cain's argument, we found the TERC erred in affirming the Assessor's valuations. We concluded that the TERC erred by failing to find that Cain carried his burden to prove that the Assessor's value of his irrigated grassland property was grossly excessive and the result of arbitrary or unreasonable action. In concluding our opinion, we stated:

> We conclude that Cain has shown by a preponderance of the evidence that the valuation of the property at issue for the tax year 2012 is $870 per acre, for a total of $951,719.10. We remand the matter to the TERC with directions that it direct the Assessor to set the valuation of the property at such amount for the tax year 2012, upon which amount taxes for such year shall be determined and paid.

*Cain II*, 298 Neb. at 854, 906 N.W.2d at 300.

*Present Appeal.*

This brings us to the lawsuit at issue in this appeal. On September 21, 2018, Cain filed a lawsuit in the district court for Custer County against the Assessor and the TERC. In the lawsuit, he alleged that a dispute had arisen about the meaning of our opinion in *Cain II*. He sought a declaratory judgment to determine and resolve that dispute.

In his complaint, Cain referred to our decisions in *Cain I* and *Cain II*. With respect to *Cain II*, he alleged that our opinion decided that the *actual value* of his property for 2012 was $951,719.10. He alleged that our opinion did not determine the taxable or assessed value of Cain's property for 2012.

Cain went on to allege that "TERC did not adhere to the mandate of the Supreme Court." Instead, according to Cain, it issued an order to the Assessor directing that the *taxable* value of Cain's properties for 2012 was $951,719.10. This, Cain asserted, was incorrect. According to Cain, the TERC should have directed that the actual value was $951,719.10, to which the Assessor would apply the statutory discount for agricultural land to determine a taxable value of $713,789.33. Cain alleged that the Assessor recorded $951,719.10 as the taxable value.

In his requests for relief, Cain sought an order declaring that *Cain II* determined the actual value of his property to be $951,719.10 and an order directing the Assessor to use this number as the actual value, to apply the statutory discount, and to record an assessed value of $713,789.33.

Early in the case, the TERC filed a motion to dismiss and the district court granted the motion and dismissed the TERC as a defendant. Cain and the Assessor later filed cross-motions for summary judgment.

At the summary judgment hearing, the parties offered and the court received evidence. Among the evidence received was a certified copy of a TERC order dated February 27, 2018, and entitled "Decision and Order on Remand from the Nebraska Supreme Court." It is a two-page document, the body of which provides in full:

> The Nebraska Tax Equalization and Review Commission ("the Commission") finds and determines as follows:
>
> **FINDINGS OF FACT**
>
> 1. The Nebraska Supreme Court issued its Opinion in the case captioned *Cain, Jr. v. Custer Cty. Bd. of Equal*, S-17-370 on February 2, 2018 (The Opinion).
>
> 2. The Court thereafter issued its Mandate on February 20, 2018. The Mandate specifically directs that the Commission shall "proceed to enter judgment in conformity with the judgment and opinion of this court." See Attached.

3. The judgment and opinion referred to in the Mandate concludes: ". . . the valuation of the property at issue for the tax year 2012 is $870 per acre for a total of $951,719.10. We remand the matter to the TERC with directions that it direct the Assessor to set the valuation of the property at such amount for the tax year 2012, upon which amount taxes for such year shall be determined and paid." Opinion at p. 14.

4. The Commission, based on the Mandate and Opinion, therefore orders the Custer County Assessor to set the valuation of the property at issue at $870 per acre for a total of $951,719.10 for tax year 2012.

**ORDER**

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:**

1. The Decision[] of the Custer County Board of Equalization determining the value of the Subject Properties for tax year 2012 is reversed.

2. That the taxable value of the Subject Properties for tax year 2012 is $870 per acre for a total of $951,719.10[.]

(Emphasis in original.)

No indication appears on the face of the TERC's February 27, 2018, order as to whether it was provided to Cain or his counsel. Cain alleged in his complaint and argues on appeal that the TERC did not provide the order to him or his counsel.

The Assessor also offered and the district court received another order of the TERC. It is dated September 5, 2018. The order describes a motion filed by Cain on August 29 requesting that the TERC issue an order nunc pro tunc, correcting its February 27 order because it was inconsistent with our opinion in *Cain II*. In the September 5 order, the TERC denied the motion, stating that no correction was necessary.

On July 25, 2019, the district court entered an order on the parties' summary judgment motions. The district court initially stated that it appeared to it that Cain was correct that our opinion in *Cain II* determined the actual value of Cain's

property. The district court went on to say, however, that before granting the relief sought, it was obligated to determine if it had authority to enter a declaratory judgment. The district court concluded it did not. It reasoned that Cain was making a collateral attack on the TERC's February 27, 2018, order and that a complaint for declaratory relief cannot be used as a substitute for a timely appeal. It concluded Cain's "proper remedy was to appeal the TERC Order on the mandate."

Cain timely appealed.

ASSIGNMENTS OF ERROR

Cain assigns three errors on appeal. He contends that the district court erred (1) when it concluded that Cain's action for declaratory judgment is a collateral attack on the TERC order and that such collateral attack cannot be substituted for a direct appeal, (2) when it concluded Cain's remedy was to appeal the TERC order directed to the Assessor, and (3) when it dismissed the TERC as a defendant.

STANDARD OF REVIEW

[1] An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Pitts v. Genie Indus.*, 302 Neb. 88, 921 N.W.2d 597 (2019).

[2] An appellate court reviews the district court's grant of summary judgment de novo, viewing the record in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Id.*

[3] In an appeal from a declaratory judgment, an appellate court, regarding questions of law, has an obligation to reach its conclusion independently of the conclusion reached by the trial court. *Ray Anderson, Inc. v. Buck's, Inc.*, 300 Neb. 434, 915 N.W.2d 36 (2018).

## ANALYSIS

*Threshold Issue: Is Declaratory*
*Judgment Action Proper?*

Much of Cain's argument in this appeal is focused on his contention that our opinion in *Cain II* determined the actual value of his property for 2012 but the Assessor has incorrectly recorded that number as the taxable value. He contends that the district court could and should have remedied this problem by issuing an order declaring the correct meaning of *Cain II*. The district court, however, determined that before it could grant the relief Cain requested, it was required to determine whether it was proper to enter a declaratory judgment in this case. The district court was correct to begin with that question, and our analysis must begin there as well.

Cain argues that the district court erred by finding that he was making an impermissible collateral attack on the TERC's February 27, 2018, order and by finding that his "proper remedy" was to appeal that order. He argues that an appeal of the February 27 order would have been premature. According to Cain, up until the time that the Assessor made it clear that taxes would be levied based on a taxable value of $951,719.10, he was not aggrieved because, he claims, it was not clear until then that the Assessor would follow the TERC's February 27 order rather than Cain's understanding of our opinion in *Cain II*. Cain also argues that he could not have appealed because the TERC did not provide him or his counsel with a copy of the February 27 order.

We find that is not necessary for us to decide whether Cain was making an impermissible collateral attack on the TERC's February 27, 2018, order or whether he was precluded from seeking declaratory relief because he failed to take advantage of an available appeal. We reach this conclusion because even if we assume that Cain is correct that he was not making an impermissible collateral attack on the TERC order and that he could not have timely appealed it, we still find that the

district court correctly declined to enter a declaratory judgment. We explain our reasoning below.

*Another Serviceable Remedy:*
*Application for Writ*
*of Mandamus.*

This declaratory judgment action was initiated pursuant to Neb. Rev. Stat. § 25-21,150 (Reissue 2016), a provision within the Uniform Declaratory Judgments Act, which provides:

> Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.

[4,5] Although declaratory judgment actions are permitted by statute, our cases have held that there are some circumstances in which a declaratory judgment is not available. We have said that the function of a declaratory judgment is to determine justiciable controversies which either are not yet ripe for adjudication by conventional forms of remedy or, for other reasons, are not conveniently amenable to the usual remedies. *Ryder Truck Rental v. Rollins*, 246 Neb. 250, 518 N.W.2d 124 (1994). Thus, we have noted that an action for declaratory judgment will not lie where another equally serviceable remedy is available. *Galyen v. Balka*, 253 Neb. 270, 570 N.W.2d 519 (1997). See, also, *Sandoval v. Ricketts*, 302 Neb. 138, 922 N.W.2d 222 (2019) (affirming dismissal of declaratory judgment action on ground that equally serviceable remedies were available for plaintiffs). We have also said that a court should enter a declaratory judgment only where such judgment would terminate or resolve the controversy between the parties. *Hoiengs v. County of Adams*, 245 Neb. 877, 516 N.W.2d 223 (1994). See, also, Neb. Rev. Stat. § 25-21,154 (Reissue 2016).

Even assuming that Cain's declaratory judgment action was not an impermissible collateral attack and that he could not have appealed the TERC's February 27, 2018, order, we believe these principles would still preclude declaratory relief. As we will explain, Cain had another serviceable remedy: an application for a writ of mandamus.

[6] Mandamus is a law action and is defined as an extraordinary remedy, not a writ of right, issued to compel the performance of a purely ministerial act or duty, imposed by law upon an inferior tribunal, corporation, board, or person, where (1) the relator has a clear right to the relief sought, (2) there is a corresponding clear duty existing on the part of the respondent to perform the act, and (3) there is no other plain and adequate remedy in the course of the law. See *Huff v. Brown*, 305 Neb. 648, 941 N.W.2d 515 (2020). While an extraordinary remedy, we believe that in this situation, a writ of mandamus issued to the TERC was not just equally serviceable, but a superior remedy to Cain's action for declaratory judgment.

[7-9] Cain alleges in his declaratory judgment complaint that the TERC did not adhere to our mandate in *Cain II*. Assuming Cain's reading of *Cain II* is correct, the TERC had a ministerial duty to comply with that reading. The general rule is that an act or duty is ministerial only if there is an absolute duty to perform in a specified manner upon the existence of certain facts. *State ex rel. Parks v. Council of City of Omaha*, 277 Neb. 919, 766 N.W.2d 134 (2009). Compliance with an appellate mandate meets this test. Our cases hold that an inferior tribunal lacks any authority to take actions contrary to an appellate mandate. We have said that a lower court has an unqualified duty to follow the mandate issued by an appellate court and must enter judgment in conformity with the opinion and judgment of the appellate court. See *State v. Payne*, 298 Neb. 373, 904 N.W.2d 275 (2017). We have also said that no judgment or order different from, or in addition to, the appellate mandate can have any effect. *Id.* For essentially the same reasons, if Cain is right about our opinion in *Cain II*, he

would have a clear right to have the February 27, 2018, order of the TERC modified, and the TERC would have a clear duty to modify it.

This leaves only the question of whether there is some other plain and adequate remedy in the course of the law. For the purposes of this analysis, we are already assuming that Cain could not have appealed the February 27, 2018, order, so we need not consider whether that is a plain and adequate remedy that would preclude mandamus relief.

A question remains, however, as to whether the declaratory judgment action Cain filed is a plain and adequate remedy that would bar mandamus relief or if mandamus is an equally serviceable remedy that bars the declaratory judgment action. On this question, we acknowledge that some Nebraska cases have held in other contexts that parties could not seek mandamus relief because declaratory relief was available. See, e.g., *State ex rel. PROUD v. Conley*, 236 Neb. 122, 459 N.W.2d 222 (1990); *Larson v. City of Omaha*, 226 Neb. 751, 415 N.W.2d 115 (1987). But it has also been held in other circumstances that a writ of mandamus was available because declaratory relief was inferior to mandamus relief. See, e.g., *Dozler v. Conrad*, 3 Neb. App. 735, 532 N.W.2d 42 (1995).

For multiple reasons, we believe mandamus is also a superior remedy to declaratory judgment in this situation. First, we are mindful of mandamus writs' long history in this state as the remedy traditionally used to correct an inferior tribunal's misconstruing of an appellate mandate in the absence of any other remedy. See, e.g., *State v. Dickinson*, 63 Neb. 869, 89 N.W. 431 (1902); *State v. Norris*, 61 Neb. 461, 85 N.W. 435 (1901); *State v. Omaha Nat. Bank*, 60 Neb. 232, 82 N.W. 850 (1900). We are aware of nothing in the Uniform Declaratory Judgments Act suggesting actions for declaratory judgments supplanted mandamus as the traditional remedy in this situation.

Indeed, we note that courts in several other states have concluded that statutes authorizing courts to enter declaratory

judgments did not supplant the traditional function of the writ of mandamus. For example, in *State ex rel. Edmisten v. Tucker*, 312 N.C. 326, 323 S.E.2d 294 (1984), the North Carolina Supreme Court affirmed the dismissal of an action that essentially sought to obtain review of lower court decisions regarding the constitutionality of a statute through a declaratory judgment action. It explained that North Carolina's declaratory judgment statute "may not be used to obtain review of lower court rulings" and that the "remedies for those rare instances of judicial abuse and derogation of duty, or for actions taken which are outside the authority of the judge, or for failure to perform a ministerial duty of the office remain the extraordinary writs of mandamus or prohibition." *Id.* at 356, 323 S.E.2d at 313. See, also, *State ex rel. King v. Lyons*, 149 N.M. 330, 338, 248 P.3d 878, 886 (2011) (reading prior case to hold that "declaratory judgment actions are not intended to substitute for remedies such as mandamus"); *Mitchell v. Hammond*, 252 Ala. 81, 39 So. 2d 582 (1949) (concluding declaratory judgment could not be used as substitute for mandamus); *Molnar v. Ohio Liquor Control Comm.*, 79 Ohio App. 3d 318, 320, 607 N.E.2d 112, 114 (1992) ("[a]n action for declaratory judgment is not a substitute for an action in mandamus").

Further, we believe a writ of mandamus to the TERC would be more effective at resolving the parties' dispute than the declaratory judgment Cain sought. As we have noted, Cain requested an order from the district court declaring that in *Cain II*, we determined that $951,719.10 was the actual value of his property for the 2012 tax year and an order directing the Assessor to use that amount as the actual value in calculating the taxable value. Even if the district court granted the relief Cain sought, the Assessor might be uncertain about what should be done next. The Assessor would have a district court order declaring that our opinion in *Cain II* requires that $951,719.10 be recorded as the actual value, but the Assessor would also still have an order from the TERC ordering that $951,719.10 be recorded as the taxable value. Moreover,

Neb. Rev. Stat. § 77-1311(3) (Reissue 2018), a provision within a statute setting forth the duties of county assessors, states that county assessors shall "[o]bey all . . . orders sent out by the [TERC]."

Even a successful declaratory judgment action would thus run the risk of leading to uncertainty rather than resolving it. See *Hoiengs v. County of Adams*, 245 Neb. 877, 899, 516 N.W.2d 223, 239 (1994) ("a court should enter a declaratory judgment only where such judgment would terminate or resolve the controversy between the parties"); *Dozler v. Conrad*, 3 Neb. App. 735, 743, 532 N.W.2d 42, 49 (1995) (concluding mandamus was superior remedy to declaratory judgment because declaratory judgment "would only be the first step" to obtaining the relief sought).

If, on the other hand, Cain obtained a writ of mandamus directing the TERC to modify its order to conform to his understanding of our opinion in *Cain II*, all would be clear. The TERC would be obligated to modify its order, and the Assessor would be obligated to follow the TERC's modified order.

For these reasons, we conclude that, even assuming Cain is correct that his declaratory judgment action was not an impermissible collateral attack on the February 27, 2018, TERC order and that he could not have appealed the TERC's order, another serviceable remedy was available to him. The district court thus did not err in dismissing his declaratory judgment action.

*Dismissal of the TERC as Party.*

[10] Cain also assigned as error that the district court erred by dismissing the TERC from the declaratory judgment action. He makes clear, however, that this error was only assigned as a precautionary measure and argues only that the dismissal of the TERC should be reversed if we determine the presence of the TERC was necessary to grant Cain the relief requested. Because our disposition of this appeal does not depend on the district court's dismissal of the TERC, it is not necessary for us

to decide whether that decision was correct. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it. *Seldin v. Estate of Silverman*, 305 Neb. 185, 939 N.W.2d 768 (2020).

## CONCLUSION

We conclude the district court did not err in dismissing the declaratory judgment action and thus affirm.

AFFIRMED.