687 So.2d 997 (1997)
Deborah FARRINGTON
v.
The LAW FIRM OF SESSIONS, FISHMAN et al.
No. 96-CC-1486.
Supreme Court of Louisiana.
February 25, 1997.
Rehearing Denied March 27, 1997.
*998 Jack Marks Alltmont, Alan David Ezkovich, Sessions & Fishman, New Orleans, for Applicant.
Elizabeth A. Alston, Maria Garcia Marks, New Orleans, for Respondent.
MARCUS, Justice[*].
Deborah Farrington filed a petition for "Breach of Fiduciary Duty, Damages and Legal Malpractice" against the law firm of Sessions, Fishman, Boisfontaine, Nathan, Winn, Butler and Barkley (the Sessions firm), four individual members of the Sessions firm and the firm's liability insurer. Plaintiff and Roger Cope purchased the business of Town & Country Shop, Inc., a closely held corporation, as equal shareholders. Mr. Cope became president of the corporation and plaintiff a vice-president. Subsequent to the purchase, Mark Fullmer and Charles Wallfish of the Sessions firm were asked to draft some documents and assist in other corporate matters pertaining to Town & Country. Plaintiff alleges that a power struggle ensued between the two shareholders and their relationship degenerated. At the request of Mr. Cope, the corporation, represented by two members of the Sessions firm, Jack Alltmont and Alan Ezkovich, filed suit against plaintiff to enjoin her from causing harm to the corporation. That lawsuit was eventually settled.
Plaintiff then brought the instant suit alleging that certain members of the Sessions firm, Mark Fullmer, Charles Wallfish, Jack Alltmont and Alan Ezkovich, breached their responsibility to her as a former client in failing to adequately advise her of the consequences that could result from the manner in which the corporation was structured and in creating a conflict of interest by representing the corporation and Mr. Cope in a lawsuit filed against her. Defendants, represented by Mr. Ezkovich of the Sessions firm, answered the petition denying that they ever represented plaintiff in an individual capacity or that they breached any duty owed to her as lawyers for the corporation.
During discovery, plaintiff deposed Mr. Fullmer who was represented by Mr. Ezkovich, without objection from plaintiff.[1] However, when defendants attempted to depose plaintiff, she filed a motion for a protective order and to stay the taking of her deposition until an attorney who was not a member of the Sessions firm was appointed to represent defendants. She alleges that defendants have a conflict of interest in representing themselves due to their alleged former attorney-client relationship with her and a protective order is necessary in this instance to avoid annoyance, embarrassment and oppression she would suffer should these attorneys be allowed to proceed as advocates on their own behalf. After a hearing, the trial judge denied the motion to stay the taking of plaintiff's *999 deposition and refused to disqualify the Sessions firm and all lawyers therein from representing themselves as defendants in the matter. The court of appeal granted plaintiff's application for a writ finding that the continued role of the Sessions firm as advocates in this legal malpractice cause of action violated Rule 3.7(a) of the Louisiana Rules of Professional Conduct. This court granted defendants' application for review and remanded the matter to the court of appeal for briefing, argument and opinion to consider whether Rule 3.7(a) of the Rules of Professional Conduct should preclude a lawyer from representing himself and testifying as a party litigant.[2] On remand, three judges of a five judge panel held that Rule 3.7(a) applied to disqualify defendants from proceeding as advocates in this matter.[3] Two dissenting judges were of the opinion that under the circumstances of this case, the trial judge acted properly in permitting the attorneys to participate in discovery matters. Upon defendants' application, we granted certiorari to review the correctness of that ruling.[4]
The narrow issue we must decide is whether a lawyer who is sued by an alleged former client on grounds of malpractice has the right to conduct adversarial proceedings on his or her own behalf.
La. Const. Art. I, § 22 guarantees every person the right of access to the courts. It provides:
All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights.
Our courts have recognized the right of litigants in civil proceedings to represent themselves in court. See Dixon v. Shuford, 28,138 (La.App.2d Cir. 4/3/96); 671 So.2d 1213, 1215; Teague v. International Paper Co., 420 So.2d 522, 523 (La.App. 2d Cir.1982); see also, Green v. Gary Memorial Hospital, 505 So.2d 196, 198 (La.App. 3d Cir.1987)(there is no authority for forcing counsel on a party litigant). The right of self-representation is provided for statutorily under federal law. 28 U.S.C. § 1654. Implicit in the right to represent oneself is the right to be represented by counsel of one's choice. Harrison v. Keystone Coca-Cola Bottling Co., 428 F.Supp. 149 (M.D.Penn.1977).
Rule 3.7 of the Louisiana Rules of Professional Conduct prohibits a lawyer from acting as an advocate in a trial in which the lawyer is likely to be called as a necessary witness except under certain circumstances.[5] It provides in pertinent part:
(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
(1) The testimony relates to an uncontested issue;
(2) The testimony relates to the nature and value of legal services rendered in the case; or
(3) disqualification of the lawyer would work substantial hardship on the client.
(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.
Rule 3.7 does not address the situation where the lawyer is representing himself. The Comments to Rule 3.7 of the American Bar Association Model Rules of Professional Conduct (from which our Rule 3.7 is taken verbatim) state that the rationales of the advocate-witness rule do not apply to the pro se lawyer litigant. ABA, Annotated Model Rules of Professional Conduct, p. 362 (3d ed. 1996). In Presnick v. Esposito, 8 Conn.App. 364, 513 A.2d 165 (1986); on remand, Esposito v. Presnick, 15 Conn.App. 654, 546 A.2d 899 (1988), the court held that a lawyer may represent himself and testify as a witness in an action for collection of legal fees and in defense of a counterclaim for malpractice in *1000 the same action. In rejecting the applicability of DR 5-101 and 5-102 (the predecessors to Rule 3.7) to the lawyer who is representing himself, the court explained the rationales behind the rule:
One reason is that it is unfair to the client that his case be presented through a witness whom the trier of fact would necessarily view as interested because of the witness' zeal of advocacy and likely interest in the result of the case. A second reason is one of public policy: permitting an attorney who is trying a case also to be a witness in establishing its facts will visit on the legal profession public distrust and suspicion arising from the attorney's dual role. That is the reason which Professor Wigmore believed to be the most potent reason for the prohibition of the attorney as a witness on behalf of his client. The public will be apt to think that the lawyer, whether he is an active partner in the conduct of the trial and also a material witness, or an inactive partner and a material witness, will be inclined to warp the truth in the interest of his client. The third reason for the rule is to avoid the appearance of wrongdoing. We do not believe that any of these reasons applies where the attorney seeks only to represent himself in his own case. (Citations omitted)(emphasis added). Presnick, 513 A.2d at 167.
In Borman v. Borman, 378 Mass. 775, 393 N.E.2d 847 (1979), the court held that the husband's law partners could not be disqualified simply because the husband, a party, would be a witness in the domestic relations proceedings. At issue was the husband's right to counsel of his own choosing, his own law firm. The court held:
To apply DR 5-102 when the testifying advocate is a litigant in the action miscomprehends the thrust of the rule. DR 5-102 regulates lawyers who would serve as counsel and witness for a party litigant. It does not address that situation in which the lawyer is the party litigant. Any perception by the public or determination by a jury that a lawyer litigant has twisted the truth surely would be due to his role as litigant and not, we would hope, to his occupation as a lawyer. As a party litigant, moreover, a lawyer could represent himself if he so chose. Implicit in the right of self-representation is the right of representation by retained counsel of one's choosing. A party litigant does not lose this right merely because he is a lawyer and therefore subject to DR 5-102. (Citations omitted)(emphasis added). Borman, 393 N.E.2d at 856.
We agree with the reasoning expressed in the above cases that Rule 3.7 does not apply to the situation where the lawyer is representing himself.[6]
Plaintiff argues that even assuming that Rule 3.7 does not apply to disqualify a lawyer from self-representation, defendants are nevertheless precluded from proceeding as advocates in this litigation due to their alleged former attorney-client relationship with her. She contends that when a lawyer is sued for malpractice by a former client, the lawyer has a continuing duty to the former client under Rules 1.7 and 1.9 which precludes the lawyer from representing himself in defense of the malpractice claim. We disagree.
Rule 1.7 recognizes loyalty as an essential element in the lawyer's relationship to a client and requires the lawyer to avoid representation of another client which would create a conflict of interest with an ongoing client unless the client consents. Whether plaintiff was a client of defendants' is the issue to be decided in the malpractice case. It cannot be used to disqualify defendants from representing themselves because plaintiff is no longer an ongoing client and defendants are not representing another client. Rule 1.9 seeks to prevent a conflict of interest between a lawyer and a former client by providing that a lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the *1001 same or substantially related matter in which that person's interests are materially adverse to the interests of the former client. We do not think that this rule applies when a lawsuit has been brought by a former client against his or her lawyer. The rule's very wordingrepresent another person connotes that the lawyer is representing someone other than the lawyer appearing on his or her own behalf. The purpose of the rule is to further the duties of confidentiality to the former client. ABA, Annotated Model Rules, supra at p. 146. Rule 1.6(b)(2) provides that a lawyer may reveal such information to the extent the lawyer reasonably believes necessary to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client. The waiver of confidentiality specifically applies in the context of a former client's malpractice claim against the lawyer. ABA, Annotated Model Rules, supra at p. 80. In the instant case, by filing suit against her alleged former lawyers, plaintiff has waived any right to suggest that the lawyers will violate Rules 1.7 and 1.9 by taking an adverse position to her in the suit she has brought against them. The fact that these rules may be involved in the underlying lawsuit does not provide a sufficient reason for denying defendants the right to appear pro se in defending the malpractice suit against them.
In Johnston v. Aderhold, 216 Ga.App. 487, 455 S.E.2d 84 (1995); cert denied, (May 19, 1995), the question was posed whether a person may be prevented from exercising his right to represent himself because he is also an attorney who has provided representation in the past to the opposing party. The attorney filed suit pro se against a fellow shareholder in a failed corporation, seeking a declaration that an indemnity agreement he executed was void because of defendant's alleged fraud and self-dealing as chief financial officer of the failed corporation. The defendant moved to disqualify the attorney from representing himself alleging that the attorney had previously represented defendant in defending similar allegations made by another shareholder in a suit against the corporation. In denying the motion to disqualify the attorney, the court was unpersuaded that the Rules of the State Bar of Georgia, particularly the rule similar to our Rule 1.9, should be applied to the lawyer when he is acting both as an attorney and as a party to the litigation. The court noted that although the rules of professional conduct preclude attorneys from engaging in certain behavior when representing others, such prohibitions do not apply when attorneys exercise their right to represent themselves.
In the case before us, the attorneys have been made defendants in a lawsuit where plaintiff is seeking monetary damages. Plaintiff could have filed a complaint for disciplinary action against defendants for alleged professional misconduct. We think that plaintiff has waived any right to complain about the embarrassment and oppression she may suffer should she have to confront her former attorneys as advocates.
While we conclude that Rules 3.7, 1.7 and 1.9 do not prohibit defendants from representing themselves in this matter, we are not saying that self-representation is necessarily advisable.[7] Instead, each case must be considered under its unique circumstances. Since defendants have elected to appear pro se, they must conduct themselves in their role as advocates under the same standards of conduct expected of all members of the legal profession in relation to the opposing party, the court and the public. If during the course of these proceedings, the combined role of lawyer and party is abused, the trial judge, in his discretion, may impose whatever sanctions are necessary to insure the orderly conduct of the proceedings including requiring defendants to procure independent counsel to conduct the adversarial proceedings.[8]
*1002 In sum, we find that Rule 3.7 of the Rules of Professional Conduct does not apply to preclude defendants from representing themselves in defense of the legal malpractice action brought by plaintiff against them or from being represented by a lawyer of their choice. Moreover, we reject plaintiff's contention that Rule 1.7 and Rule 1.9 are implicated when defendants or any other member of the Sessions firm represent themselves.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed and the judgment of the trial court denying plaintiff's motion to stay the taking of her deposition and to disqualify the Sessions firm and all lawyers therein from representing themselves as defendants in this matter is reinstated. All costs are assessed against plaintiff.
NOTES
[*] Victory, J. not on panel. Rule IV, Part 2, § 3.
[1] After Mr. Fullmer was deposed and in light of his testimony, plaintiff voluntarily dismissed Mr. Wallfish from the case. Mr. Fullmer is no longer associated with the Sessions firm but is still a defendant in the lawsuit.
[2] 95-2118 (La.11/27/95); 663 So.2d 738.
[3] 95-0841 (La.App. 4th Cir. 5/8/96); 674 So.2d 448.
[4] 96-1486 (La.10/4/96); 679 So.2d 1362.
[5] Rule 3.7 is based on DR 5-101 and DR 5-102 of the former Code of Professional Responsibility.
[6] Under the Texas Rules of Professional Conduct, the attorney-witness rule has an exception "when the lawyer is a party to the action and is appearing pro se." Thus, in Ayres v. Canales, 790 S.W.2d 554 (Tex.1990), the court held that an order refusing to allow Ayres, an attorney, to represent himself would be violative of the rule.
[7] The attorney who undertakes self-representation should keep in mind the unattributed proverb, "He who is his own lawyer has a fool for a client." M. Frances McNamara, Ragbag of Legal Quotations, p. 22 (1960).
[8] In Esposito v. Presnick, supra, the court found that the attorney's conduct in appearing pro se in deliberately refusing to attend pre-trial conferences constituted a violation of the rules of professional conduct and appropriate disciplinary action was warranted.