SHEILA K. BELLER, APPELLANT, V.
DEBBIE CROW ET AL., APPELLEES.
742 N.W.2d 230

Filed December 7, 2007.    No. S-06-872.

Gary D. McGuane for appellant.

Patrick M. Flood and Emily L. Jung, of Hotz, Weaver, Flood, Breitkreutz & Grant, for appellees Mount Michael Benedictine High School and Thomas Ridder.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

Plaintiff Sheila K. Beller appealed the district court's disqualification of her counsel, Gary D. McGuane. Upon a motion filed by two of the defendants, the court disqualified McGuane because he had firsthand knowledge about the facts and issues of the lawsuit, making his testimony at trial "essentially inevitable."

The main issue is whether the district court correctly disqualified McGuane, because of his personal relationship with Beller and his firsthand knowledge of the relevant issues. Specifically, we must determine whether McGuane is likely to be a necessary witness at trial to justify his disqualification under Neb. Ct. R. of Prof. Cond. 3.7 (rev. 2005). Because McGuane is likely to be a necessary witness from his active participation in the events leading to the filing of Beller's complaint, we affirm.

## BACKGROUND

Beller sued Debbie Crow, Alan Crow, Mount Michael Benedictine High School, Thomas Ridder, Cindi Backes, Steve Backes, and Theresa Gregg. Beller's complaint consisted of three counts: defamation, intentional infliction of emotional distress, and alienation of affection. Beller's complaint includes

allegations that the defendants falsely and maliciously stated that she was an abusive mother, that she neglected her minor children, and that she was mentally unfit to care for her minor children. She also claims that the defendants conspired to destroy her relationship with her children and to remove them from her custody, intentionally inflicting emotional distress on her. Beller alleges that the defendants induced one of her sons to run away from home, threatened to have her arrested, and sought to prevent her from speaking to her children. The court dismissed Beller's claims for alienation of affection, and those claims are not part of this appeal.

Beller's counsel, McGuane, is an Illinois attorney who was granted leave to appear pro hac vice. Three months after Beller filed her complaint, Mount Michael Benedictine High School and Thomas Ridder (collectively Mount Michael) moved to disqualify McGuane. In its motion, Mount Michael argued that McGuane "will likely be a necessary fact witness pursuant to Nebraska Rules of Professional Conduct Rule 3.7." Mount Michael asserted that McGuane was "privy to interactions [Beller] had with many of the co-Defendants" and that "McGuane is believed to possess factual information pertaining to [Beller's] alleged emotional distress and alleged damage to reputation." The court deferred the motion and granted Mount Michael leave to submit McGuane's deposition.

At his deposition, McGuane testified that he had been representing Beller for about 2½ years. He met Beller in an Internet "chat room," where she first asked him a question about her desire to go to college and maybe law school. He began giving her legal advice when she asked about divorces and annulments in the Catholic church. Although the record is not entirely clear, it appears McGuane and Beller developed a friendship and ultimately a close personal relationship. Attached to the deposition transcript is an exhibit that includes a Christmas card with affectionate comments that McGuane sent Beller in 2003.

Mount Michael asked McGuane whether he had witnessed any of the defamation or intentional infliction of emotional distress claims. In response, McGuane stated he witnessed an argument in February 2005 between Beller and defendant Gregg at Beller's home when Gregg tried to stop Beller from leaving

Omaha with her sons, who were present. McGuane explained that he "observed [Gregg] causing [Beller] emotional distress" and that the event "brought [Beller] almost to hysteria."

McGuane also described his involvement in the incident with Gregg. When Gregg refused to leave upon Beller's request, McGuane told Gregg to leave. When Gregg refused to move from behind Beller's car, McGuane let Beller take his car so she could leave the scene. When Gregg tried to follow Beller down the street, McGuane stood behind Gregg's car to prevent her from leaving the driveway.

McGuane also testified that he was present in April 2005 when defendant Ridder, Mount Michael Benedictine High School's principal, refused Beller permission to see her son at the high school. McGuane had accompanied Beller to the school so she could see her son. McGuane initially stayed in the car while Beller went into the building. At some point, he called the police to help Beller in gaining custody of her son, and he entered the school once the police arrived. McGuane agreed that the event with Ridder was relevant to Beller's intentional infliction of emotional distress and defamation claims.

McGuane was also present for several telephone calls between Beller and defendant Debbie Crow, but he was only able to hear Beller's end of the conversations. When asked whether these conversations formed any basis of Beller's complaint, McGuane stated that he assumed the telephone calls contributed to Beller's stress.

McGuane also acknowledged that he had a chance to observe Beller's emotional state before January 2005. He believes she has suffered emotional distress since then. He has seen her upset and depressed. According to McGuane, her sons and "everyone else near her" have observed Beller experience emotional distress. When asked whether he had caused Beller any emotional distress, McGuane responded, "I believe I have made it easier for her, actually."

After reviewing the deposition transcript, the court entered an order disqualifying McGuane as "mandated under Rule 3.7 of the Nebraska Rules of Professional Conduct." The court noted that Beller had no intent to call McGuane as a fact witness at trial. But the court also explained that "the Defendants

indicated that McGuane's knowledge of the events at issue in this case make his testimony at trial essentially inevitable, if only for credibility purposes." The court further provided that "[e]ven if . . . McGuane were not to testify at trial, it would not be feasible for the trier of fact to separate out his participation in the trial as an advocate, as opposed to a fact witness giving evidence in the course of his representation." Beller appealed McGuane's disqualification.

### ASSIGNMENTS OF ERROR

Beller assigns, restated, that the court erred in disqualifying McGuane because (1) Mount Michael failed to offer evidence sufficient to establish that McGuane would be a necessary witness at trial and (2) the disqualification would work a substantial hardship on her.

### STANDARD OF REVIEW

In an appeal from an order disqualifying counsel, we review the trial court's factual findings for clear error and ultimately make our disqualification decision independent of the trial court's ruling.[1]

### ANALYSIS

In 2005, the Nebraska Rules of Professional Conduct replaced the Nebraska Code of Professional Responsibility. The Code of Professional Responsibility remains effective for conduct occurring before September 1, 2005. Here, the relevant conduct—McGuane's testifying at trial—did not occur before September 1, 2005, and, therefore, the Rules of Professional Conduct apply.

Rule 3.7 provides in relevant part:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

---

[1] *Mutual Group U.S. v. Higgins*, 259 Neb. 616, 611 N.W.2d 404 (2000).

Although we have applied a predecessor to rule 3.7 under the Code of Professional Responsibility,[2] this is our first case addressing rule 3.7.

The official comments to rule 3.7 describe the policies underlying the witness-advocate rule. Comment 1 explains that "[c]ombining the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client." Comment 2 provides in part:

> The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.

■ Additional considerations are involved when a party seeks to call an opposing attorney and thereby disqualify that attorney. There are times when a court must disqualify counsel because an adverse party intends to call counsel as a necessary witness. But we recognize that a party may move to disqualify opposing counsel for mere tactical or strategic reasons.[3] Clearly, such practice would conflict with the opposing litigant's right to counsel of its choice.[4] Therefore, the court must strike a balance "between the potential for abuse and those instances where the attorney's testimony may be truly necessary to the opposing party's case."[5]

### McGuane Is "likely to be a necessary witness"

The general rule in rule 3.7 states that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a

---

[2] See, *Mutual Group U.S. v. Higgins, supra* note 1; *State ex rel. Line v. Rouse*, 241 Neb. 784, 491 N.W.2d 320 (1992).

[3] See, *Security General Life Ins. v. Superior Court*, 149 Ariz. 332, 718 P.2d 985 (1986); *Smithson v. U.S. Fidelity & Guar. Co.*, 186 W. Va. 195, 411 S.E.2d 850 (1991).

[4] See *Security General Life Ins. v. Superior Court, supra* note 3.

[5] See *Smithson v. U.S. Fidelity & Guar. Co., supra* note 3, 186 W. Va. at 201, 411 S.E.2d at 856.

necessary witness . . . ." Beller contends that the court erred in disqualifying McGuane because Mount Michael failed to establish that McGuane would be a necessary witness.

■ Mount Michael, as the party moving to disqualify opposing counsel, bears the burden of establishing that McGuane's testimony will be necessary.[6] A court cannot order disqualification simply upon the moving party's representation that the lawyer it seeks to disqualify is a necessary witness; the key is the evidence showing that the lawyer is a necessary witness.[7]

■ A party seeking to call opposing counsel can prove that counsel is a necessary witness by showing that (1) the proposed testimony is material and relevant to the determination of the issues being litigated and (2) the evidence is unobtainable elsewhere.[8] Here, Mount Michael has met both prongs.

First, McGuane's proposed testimony is material and relevant to the issues being litigated. At issue are the defendants' alleged tortious acts and Beller's resulting emotional distress. Mount Michael has shown that not only was McGuane present for events that help form the basis of Beller's complaint, but he also had the opportunity to observe how the defendants' alleged actions affected Beller's emotional state. McGuane's testimony would be material and relevant for determining the claims alleged in Beller's complaint. Therefore, Mount Michael has met the first prong.

Next, Mount Michael cannot obtain McGuane's proposed testimony elsewhere. McGuane witnessed relevant interactions between Beller and the defendants. He also observed Beller's emotional state during relevant periods. We recognize that he was not the only witness to these events: Beller's sons observed the altercation with Gregg; police officers were present at the school during Beller's disagreement with Ridder; and, according to McGuane, Beller's sons and "everyone else near her" has witnessed her emotional distress. Nevertheless, we determine

---

[6] See, *McKenzie v. City of Omaha*, 12 Neb. App. 109, 668 N.W.2d 264 (2003); *Eisenstadt v. Eisenstadt*, 282 A.D.2d 570, 723 N.Y.S.2d 395 (2001).

[7] See *McKenzie v. City of Omaha, supra* note 6.

[8] See *Security General Life Ins. v. Superior Court, supra* note 3.

that these other witnesses are unable to provide the same evidence McGuane could provide.

Significant to our decision is McGuane's active participation in relevant altercations between the parties. During the argument between Beller and Gregg, McGuane asked Gregg to leave and later blocked Gregg's car so she could not leave the driveway to follow Beller. When Ridder refused Beller permission to see her son, McGuane involved himself by calling the police. These incidents are relevant to the claims in Beller's complaint. Because of McGuane's active participation and his apparent close personal relationship with Beller, McGuane had a unique perspective of the operational facts. Other witnesses cannot duplicate this perspective. Therefore, Mount Michael has met the second prong.

Because Mount Michael has met both prongs of the above test, it has proved that McGuane is likely to be a necessary witness. Thus, the general rule in rule 3.7 provides that he should not act as Beller's advocate at trial.

### McGuane's Disqualification Will Not Work Substantial Hardship on Beller

Having decided that the general rule in rule 3.7 applies, we must consider whether any of the three exceptions to the general rule preclude McGuane's disqualification. The first two exceptions do not apply. The first exception applies when "the testimony relates to an uncontested issue," and the second exception applies when "the testimony relates to the nature and value of legal services rendered in the case."[9] McGuane's testimony would relate to the defendants' actions and their effect on Beller's emotional state—two contested issues unrelated to the nature and value of McGuane's legal services. Thus, we need only consider the third exception, which applies when "disqualification of the lawyer would work substantial hardship on the client."[10]

Beller contends that the third exception applies because McGuane's disqualification would work a substantial hardship

---

[9] Rule 3.7(a)(1) and (2).

[10] Rule 3.7(a)(3).

on her. Beller argues that McGuane's knowledge of the case is extensive. She asserts that the "sheer number of defendants, the long standing series of conduct, [and] the various legal proceedings that have been involved as a result, would all have to be learned by a new attorney."[11] She also states that although she has local counsel, that counsel has only participated to the extent necessary for McGuane—her "primary counsel"—to appear pro hac vice.[12]

Comment 4 to rule 3.7 recognizes that even when there is a risk of prejudice to the opposing party, "due regard must be given to the effect of disqualification on the lawyer's client." We determine that the effects on Beller are not significant enough to constitute "substantial hardship." Therefore, we agree with Mount Michael's contention that McGuane's disqualification would not work a substantial hardship on Beller.

As noted in comment 4 to rule 3.7, "that one or both parties could reasonably foresee that the lawyer would probably be a witness" is relevant to whether the client will suffer substantial hardship. Beller knew before filing her complaint that McGuane had been personally involved in matters relevant to her case. Therefore, she should have reasonably foreseen that McGuane would probably be a witness at trial.

Also relevant is that Beller has alternative counsel. Beller argues that a new attorney would have to learn the facts surrounding the case. We note, however, that Beller has had local counsel since she filed her complaint. Local counsel appeared for Beller at the hearings on Mount Michael's motion to disqualify. He also appeared for her at McGuane's deposition. Because of his involvement to this point, he should be familiar with this case's background.

We note that other factors may be relevant when determining whether a disqualification will work a substantial hardship on the lawyer's client. Here, however, we determine that these two factors—the foreseeability of McGuane's being a witness and the presence of alternative counsel—establish that McGuane's disqualification would not work a substantial hardship on Beller.

---

[11] Brief for appellant at 9.

[12] *Id.* at 10.

We conclude that the third exception in rule 3.7 does not apply under the facts of this case.

## CONCLUSION

We conclude that the district court did not err in disqualifying McGuane. Because of his unique perspective on the operational facts, McGuane is likely to be a necessary witness at trial. None of the exceptions in rule 3.7 operate to prevent his disqualification. We affirm the court's disqualification of McGuane under rule 3.7.

AFFIRMED.