797 S.E.2d 402

Charles Thomas BROOKS, III, Appellant,

v.

SOUTH CAROLINA COMMISSION ON INDIGENT DEFENSE
and Office of Indigent Defense, Respondents.

Appellate Case No. 2014-002477
Opinion No. Op. 5468

Court of Appeals of South Carolina.

Heard November 9, 2016
Filed February 15, 2017

320

Irma Pringle Brooks, of Law Offices of Charles T. Brooks, III, of Sumter, for Appellant.

G. Murrell Smith, Jr., of Lee, Erter, Wilson, Holler & Smith, LLC, of Sumter, for Respondents.

GEATHERS, J.:

Appellant Charles Brooks challenges the circuit court's order disqualifying Irma Brooks—Appellant's wife and law partner—from representing him and disqualifying Appellant from representing himself pursuant to Rule 3.7 of the South Car-

olina Rules of Professional Conduct. We affirm in part, reverse in part, vacate in part, and remand.

## FACTS/PROCEDURAL HISTORY

Appellant and his wife are attorneys and practice out of Appellant's law office. A substantial portion of Appellant's practice has been devoted to representing indigent clients in criminal cases, post-conviction relief actions, probation revocations, and Department of Social Services (DSS) cases. Once work was completed on an indigent defense case, Appellant and his employees would compute the amount of billable time and submit a voucher to the South Carolina Commission on Indigent Defense (the Commission)[1] for payment of fees and reimbursement of expenses.

In September 2009, the Executive Director of the Commission filed a complaint with the Office of Disciplinary Counsel (ODC) alleging suspected overbilling by Appellant via submissions of vouchers during the period of October 2006 through September 2009. In December 2009, pursuant to Appellant's request, the Commission stopped paying vouchers that continued to be submitted until a determination regarding overbilling was made. During the ODC investigation, the Commission referred the matter to the South Carolina Attorney General's office for investigation.

The Attorney General's office conducted a preliminary investigation and the special investigator interviewed Appellant, Irma Brooks, and Appellant's employees. During his interview, Appellant stated his office would submit timesheets under his name for work that Irma Brooks actually performed. Additionally, according to the special investigator's report, Appellant "would appear for a hearing on a case that Irma Brooks was working and vice versa." Office staff would send Irma Brooks vouchers for cases on which she worked for her review.

---

1. The South Carolina Commission on Indigent Defense is a state agency that, through its division the Office of Indigent Defense, has the obligation to pay appointed attorneys for their representation of indigent clients. *See* S.C. Code Ann. §§ 17-3-320(A); -330(A)(1) (2014). Both parties are named as respondents but for the purpose of simplicity we refer to both as "the Commission."

Irma Brooks stated in her interview with the special investigator that she worked on indigent defense cases even though they were assigned to Appellant by the Commission. The time spent and work she completed on indigent defense cases were noted in the case file and served as the basis for the vouchers later submitted to the Commission. The vouchers were submitted under Appellant's name because Appellant was the assigned attorney. In cases in which Appellant and Irma Brooks worked jointly, both would review vouchers for correctness prior to submitting them to the Commission. Scheherazade Charles—Appellant's employee from April 2005 to July 2007—prepared timesheets and vouchers on behalf of Irma Brooks that were submitted to the Commission under Appellant's name. The special investigator determined the vouchers were submitted under Appellant's name because Irma Brooks did not have a password or identifying number with the Commission.

Upon completion of its investigation, the Attorney General's office decided it could not prove any criminal activity beyond a reasonable doubt and declined to pursue the case. Subsequently, Appellant and ODC entered into an agreement for discipline by consent, agreeing Appellant had received $61,826.40 in excess compensation due to overbilling on indigent defense cases. As part of the agreement, Appellant requested the amount owed to him by the Commission in unpaid vouchers be reduced by $61,826.40. Our supreme court accepted the agreement and publicly reprimanded Appellant by opinion dated August 1, 2012. Appellant later determined the Commission owed him $110,522.85 in vouchers that had been submitted but not paid since the investigation began.

Appellant subsequently filed a summons and complaint against the Commission, seeking payment of vouchers for work completed on indigent defense cases. Appellant asserted he was owed $48,696.45—the amount owed by the Commission on unpaid vouchers reduced by the amount Appellant had overbilled. Attorneys Desa Ballard and Harvey M. Watson, III represented Appellant during the investigation and when the complaint was filed. The Commission answered the complaint asserting, in part, defenses based on fraud, misrepresentation, and negligence and counterclaims based on breach of contract.

In the Commission's responses to Appellant's interrogatories, it listed Irma Brooks as a witness.

In February 2013, the circuit court granted the request of Attorneys Ballard and Watson to be relieved as Appellant's counsel. Appellant thereafter continued pro se. In August 2014, Irma Brooks filed a Notice of Appearance on Appellant's behalf. In response, the Commission moved to disqualify Irma Brooks and Appellant as attorneys of record for Appellant.

The circuit court subsequently issued its ruling disqualifying Irma Brooks from representing Appellant and also Appellant from representing himself. The circuit court found Irma Brooks was a necessary witness under Rule 3.7(a) of the South Carolina Rules of Professional Conduct—which precludes a lawyer from advocating at a trial in which that lawyer is likely to be a necessary witness. Moreover, the circuit court found Irma Brooks' disqualification was not a substantial hardship to Appellant because, at that point, she had been involved in the case for only two months and the expense of hiring new counsel did not outweigh the prejudice the Commission would experience if it could not call Irma Brooks as a witness.

The circuit court also disqualified Appellant from representing himself because "[t]o allow [Appellant] to represent himself as well as be a witness would lead to a conflict with Rule 3.7." The circuit court found "there may be confusion as to whether statements made by [Appellant] as an advocate witness would be taken as proof as a fact witness or as an analysis of proof as an attorney." This appeal followed.

## STANDARD OF REVIEW

■ A circuit court's ruling on a motion to disqualify a party's attorney is reviewed for an abuse of discretion. *See Orangeburg Sausage Co. v. Cincinnati Ins. Co.*, 316 S.C. 331, 347–48, 450 S.E.2d 66, 75 (Ct. App. 1994) (finding no abuse of discretion in the circuit court's ruling disqualifying an attorney from acting as an advocate but allowing the attorney to act as a witness). "An abuse of discretion occurs when the [circuit] court's ruling is based on an error of law or is not supported by the evidence." *Lawing v. Univar, USA, Inc.*, 415 S.C. 209, 225, 781 S.E.2d 548, 556–57 (2015).

## LAW/ANALYSIS

### I. Irma Brooks as Attorney and Witness

Appellant argues the circuit court erred in disqualifying Irma Brooks because (1) she is not a necessary witness, (2) her disqualification would work a substantial hardship upon Appellant, and (3) Rule 3.7(b) of the South Carolina Rules of Professional Conduct allows an attorney to advocate in a trial in which another attorney from the same law firm will be a witness. Appellant further argues the circuit court erred because the right to have counsel of one's choosing is a substantial right.

Rule 3.7 of the Rules of Professional Conduct, Rule 407, SCACR, provides:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

The comments to Rule 3.7 describe the rationale behind the advocate witness rule. Comment 1 explains, "Combining the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client." Rule 3.7, RPC, Rule 407, SCACR. Comment 2 provides, in pertinent part:

The opposing party has proper objection whe[n] the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate witness should be taken as proof or as an analysis of the proof.

*Id.* Our court has espoused this rationale, stating, "The roles of an advocate and of a witness are inconsistent; the function

of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively." *Collins Entm't, Inc. v. White*, 363 S.C. 546, 564, 611 S.E.2d 262, 271 (Ct. App. 2005) (quoting *State v. Capps*, 276 S.C. 59, 65, 275 S.E.2d 872, 875 (1981) (Lewis, C.J., dissenting)). However, we also recognize the countervailing rationale that a party could call opposing counsel as a necessary witness, requiring his or her disqualification, purely for tactical or strategic reasons. *Beller v. Crow*, 274 Neb. 603, 742 N.W.2d 230, 234 (2007); *Smithson v. U.S. Fid. & Guar. Co.*, 186 W.Va. 195, 411 S.E.2d 850, 855 (1991).

South Carolina courts have not specifically addressed what a "necessary witness" is under Rule 3.7. Other jurisdictions with nearly identical language to Rule 3.7 find that an attorney is "likely to be a necessary witness" when the "attorney's testimony is relevant to disputed, material questions of fact" and "there is no other evidence available to prove those facts." *Clough v. Richelo*, 274 Ga.App. 129,616 S.E.2d 888, 891–92 (2005).[2] These requirements strike "a reasonable balance between the potential for abuse and those instances where the attorney's testimony may be truly necessary." *Smithson*, 411 S.E.2d at 856.

 We find the circuit court did not abuse its discretion in disqualifying Irma Brooks because the record includes suffi-

---

**2.** *See also Mettler v. Mettler*, 50 Conn.Supp. 357, 928 A.2d 631, 633 (Conn. Super. Ct. 2007) ("A necessary witness is not just someone with relevant information, however, but someone who has material information that no one else can provide."); *Beller*, 742 N.W.2d at 235 ("A party seeking to call opposing counsel can prove that counsel is a necessary witness by showing that (1) the proposed testimony is material and relevant to the determination of the issues being litigated and (2) the evidence is unobtainable elsewhere."); *Teleguz v. Commonwealth*, 273 Va. 458, 643 S.E.2d 708, 728 (2007) ("[A] party seeking to invoke the witness-advocate rule for disqualification purposes must prove that the proposed witness-advocate's testimony is strictly necessary." (alteration in original) (quoting *Sutherland v. Jagdmann*, No. 3:05CV042–JRS, 2005 WL 5654314 at *2, 2005 U.S. Dist. LEXIS 25878 at *5 (E.D. Va. Oct. 31, 2005))); *Smithson*, 411 S.E.2d at 855 ("[A] motion for disqualification must be supported by a showing that the attorney will give evidence material to the determination of the issues being litigated, that the evidence is unobtainable elsewhere, and that the testimony is or may be prejudicial to the testifying attorney's client." (quoting *Cottonwood Estates, Inc. v. Paradise Builders, Inc.*, 128 Ariz. 99, 624 P.2d 296, 302 (1981))).

cient evidence supporting the conclusion that Irma Brooks is a necessary witness. Irma Brooks' testimony is material and relevant to the issues being litigated: The Commission pleads fraud and misrepresentation, breach of contract, and negligence as defenses and counterclaims arising from Appellant's overbilling for the legal representation of indigent clients. A portion of the overbilling is directly attributable to Irma Brooks. Appellant explained some overbilling resulted from work being reported under his name when it was actually performed by Irma Brooks. Occasionally Irma Brooks would appear at hearings for DSS cases that had been assigned to Appellant and vice versa. Additionally, Irma Brooks would review vouchers for correctness for cases she worked on and for cases that she and Appellant worked jointly. Testimony from Irma Brooks would be material and relevant for determining the Commission's claims.

Further, we find Irma Brooks' testimony cannot be obtained elsewhere. *See Mettler*, 928 A.2d at 633 ("A necessary witness is not just someone with relevant information, however, but someone who has material information that no one else can provide."). Irma Brooks was an active participant in Appellant's overbilling. She worked on indigent defense cases under Appellant's name. She reviewed vouchers for her work that were submitted to the Commission under Appellant's name. We recognize she is not the only witness to these events, as at least one of Appellant's employees witnessed Irma Brooks' involvement with Appellant's overbilling. Nevertheless, no other witness would be able to provide evidence regarding the full extent of Irma Brooks' involvement with Appellant's overbilling. Furthermore, Appellant has not shown that the Commission is attempting to disqualify Irma Brooks for tactical or strategic reasons. Irma Brooks was listed on the Commission's witness list prior to her appearing on behalf of Appellant as legal counsel. For the aforementioned reasons, we find Irma Brooks is a necessary witness.

█ Appellant contended at oral argument that if Irma Brooks is a necessary witness, her disqualification would work a substantial hardship upon him. We find Appellant has abandoned this argument. In its order, the circuit court found it would not be a substantial hardship on Appellant to disqualify Irma Brooks. The circuit court noted Irma Brooks had only

been involved in the case for two months and "the expense of hiring new counsel [did] not outweigh the prejudice that would occur to [the Commission] should they not be allowed to call Irma R. Brooks as [a] witness." Appellant did not challenge the circuit court's finding in his brief and it is therefore deemed abandoned. *See Bochette v. Bochette*, 300 S.C. 109, 112, 386 S.E.2d 475, 477 (Ct. App. 1989) ("An appellant may not use . . . oral argument . . . as a vehicle to argue issues not argued in the appellant's brief."); *Gold Kist, Inc. v. Citizens and S. Nat'l Bank of S.C.*, 286 S.C. 272, 276 n.1, 333 S.E.2d 67, 70 n.1 (Ct. App. 1985) (noting exceptions not argued by appellant in its brief are deemed abandoned on appeal).

■ Appellant next contends the circuit court erred in disqualifying Irma Brooks because Rule 3.7(b) of the South Carolina Rules of Professional Conduct allows an attorney to advocate in a trial when another attorney from the same law firm will be a witness. Although this is a correct statement of the rule, the rule does not apply to Irma Brooks. *See* Rule 3.7(b), RPC, Rule 407, SCACR ("A lawyer may act as advocate in a trial in which *another lawyer in the lawyer's firm* is likely to be called as a witness. . . ." (emphasis added)). This rule would permit Irma Brooks to act as an advocate for Appellant if *another* attorney in Irma Brooks' law firm was testifying. However, because Irma Brooks is a necessary witness and is therefore likely to testify, Rule 3.7(b) is inapplicable and does not allow her also to act as an advocate.

Appellant also contends the circuit court abused its discretion in disqualifying Irma Brooks because of the nature of Appellant's right to have counsel of one's choosing. Appellant cites *Hagood v. Sommerville* in support of this argument. 362 S.C. 191, 607 S.E.2d 707 (2005). In *Hagood*, the circuit court gave Hagood's attorney the option to either (1) not use his employee as a witness and remain as Hagood's counsel; or (2) withdraw due to the disqualification and allow Hagood to retain new counsel. *Id.* at 194, 607 S.E.2d at 708. The attorney withdrew. *Id.* The supreme court granted the petition for a writ of certiorari to consider whether an order granting a motion to disqualify a party's attorney was immediately appealable. *Id.* Our supreme court concluded "an order granting a motion to disqualify a party's attorney" may be immediately appealed because it affects a substantial right. *Id.* at 197, 607

S.E.2d at 710. In reaching this conclusion, the court relied on the following:

> (1) the importance of the party's right to counsel of his choice in an adversarial system; (2) the importance of the attorney-client relationship, which demands a confidential, trusting relationship that often develops over time; (3) the unfairness in requiring a party to pay another attorney to become familiar with a case and repeat preparatory actions already completed by the preferred attorney; and (4) an appeal after final judgment would not adequately protect a party's interests because it would be difficult or impossible for a litigant or an appellate court to ascertain whether prejudice resulted from the lack of a preferred attorney.

*Id.* Further, the court found that Rule 3.7 did not prohibit an attorney's employee from acting as a witness at a trial in which the attorney is advocating. *Id.* at 199, 607 S.E.2d at 711.

Appellant argues the policy considerations in *Hagood* apply here and are why the circuit court abused its discretion in disqualifying Irma Brooks. Although we agree that the right to have counsel of one's choosing is a substantial right, we find Appellant's reliance on *Hagood* is misplaced. The court considered the policies in *Hagood* to determine whether an order disqualifying an attorney may be immediately appealed. *Id.* at 197, 607 S.E.2d at 710; *see also EnerSys Del., Inc. v. Hopkins*, 401 S.C. 615, 618–19, 738 S.E.2d 478, 479–80 (2013) (concluding the policy considerations in *Hagood* were not implicated in determining whether the *denial* of a motion to disqualify an attorney was immediately appealable). Therefore, we find the circuit court did not err in disqualifying Irma Brooks from acting as an advocate and witness pursuant to Rule 3.7 of the South Carolina Rules of Professional Conduct.

## II. Charles Brooks as Attorney and Witness

Appellant contends the circuit court erred in finding he could not act as both attorney and fact witness. The Commission argues Appellant may not proceed pro se because Appellant is an attorney. We agree with Appellant that Rule 3.7 does not prohibit a self-represented attorney from acting as both an advocate and fact witness.

■ The South Carolina Constitution guarantees every person the right of access to the courts. S.C. Const. art. I, § 9 provides, "All courts shall be public, and every person shall have speedy remedy therein for wrongs sustained." A litigant has a statutory right to proceed pro se in South Carolina. S.C. Code Ann. § 40-5-80 (2011) ("[The chapter regulating the practice of law] may not be construed so as to prevent a citizen from prosecuting or defending his own cause, if he so desires."); *Washington v. Washington*, 308 S.C. 549, 550, 419 S.E.2d 779, 780 (1992). The statutory right of self-representation is also provided to litigants under federal law. 28 U.S.C. § 1654 (2016).

Rule 3.7 of the South Carolina Rules of Professional Conduct prohibits a lawyer from acting as an advocate in a trial in which the lawyer is likely to be called as a necessary witness except under certain circumstances. Rule 3.7(a), RPC, Rule 407, SCACR. A lawyer may act as an advocate and witness in the same trial when "(1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client." *Id.*

Our supreme court has not addressed whether an attorney may proceed pro se and testify as a witness without violating Rule 3.7.[3] However, the prevailing view is that an attorney may testify in his or her own case without violating the rule. *See* Margaret Raymond, *Professional Responsibility for the Pro Se Attorney*, 1 St. Mary's J. on Legal Malpractice & Ethics 2, 36 (2011) ("[I]n the absence of such a rule, a lawyer would be precluded from appearing pro se in any case in which she anticipated being a witness. The usual witness-advocate rule thus is not applied in situations involving pro se attorneys." (footnote omitted)). The comments to Rule 3.7 of the American Bar Association Model Rules of Professional

---

3. Although not binding, we acknowledge as instructive Ethics Advisory Opinion 90-07, which directly addresses the issue. "Neither the Model Rules of Professional Conduct nor the Model Code of Professional Responsibility prevent[s] a lawyer from appearing as both a witness and an advocate in his own case." S.C. Bar Ethics Advisory Comm., Op. 90-07 (1990). "[T]he text of Rule 3.7 and the Comments thereto reveal that it is intended to apply where the attorney is involved in the representation of a third party client. It has no express application to attorneys who appear pro se." *Id.*

Conduct—the rule South Carolina adopted verbatim in 1990—state "[t]he rationales of the advocate-witness rule do not apply to the pro se lawyer-litigant." Model Rules of Prof'l Conduct r. 3.7 annot. (Am. Bar Ass'n 2015). Courts in jurisdictions with nearly identical Rule 3.7 language have held that the rule is not applicable to pro se attorneys. *See Farrington v. Law Firm of Sessions, Fishman*, 687 So.2d 997, 1000 (La. 1997) ("Rule 3.7 does not apply to the situation where the lawyer is representing himself."); *Horen v. Bd. of Educ. of the Toledo Pub. Sch. Dist.*, 174 Ohio App.3d 317, 882 N.E.2d 14, 21 (2007) ("State courts have . . . held that this type of disciplinary rule is not applicable to self-representation. We agree."); *Angino v. Confederation Life Ins. Co.*, 37 Pa. D. & C.4th 38, 44 (Pa. C.P., Dauphin Cty. 1997) ("[A] party-attorney's right to represent himself must prevail over the policy considerations underpinning [Rule 3.7]."); *Beckstead v. Deseret Roofing Co.*, 831 P.2d 130, 134 (Utah Ct. App. 1992) (concluding the prohibition against an attorney acting as an advocate and witness in the same case does not apply to a self-represented attorney).

Moreover, these courts recognize that the conduct prohibited by DR 5–101(B) and 5–102(A)—predecessor rules to Rule 3.7—did not change substantially with the adoption of Rule 3.7. *Horen*, 882 N.E.2d at 21; *Beckstead*, 831 P.2d at 134. Therefore, the case law interpreting the predecessor rules is helpful. *Beckstead*, 831 P.2d at 134. In *Farrington*, the Supreme Court of Louisiana held Rule 3.7 does not preclude lawyers from self-representation in defense of a legal malpractice action. 687 So.2d at 1002. Critical to the ruling in *Farrington* was the rationale expressed in *Borman v. Borman*, 378 Mass. 775, 393 N.E.2d 847 (1979), which rejected applying DR 5–102 to a pro se attorney. *Id.* at 1000. The *Borman* court reasoned:

> To apply DR 5-102 when the testifying advocate is a litigant in the action miscomprehends the thrust of the rule. DR 5-102 regulates lawyers who would serve as counsel and witness for a party litigant. It does not address that situation in which the lawyer [i]s the party litigant. Any perception by the public or determination by a jury that a lawyer litigant has twisted the truth surely would be due to his role as litigant and not, we would hope, to his occupation as a lawyer. As a party litigant, moreover, a lawyer could repre-

sent himself if he so chose. Implicit in the right of self-representation is the right of representation by retained counsel of one's choosing. A party litigant does not lose this right merely because he is a lawyer and therefore subject to DR 5–102.

393 N.E.2d at 856. (emphasis added) (footnote omitted) (citations omitted); *see also Presnick v. Esposito,* 8 Conn.App. 364, 513 A.2d 165, 167 (1986) ("[T]he reasons underlying the general rule prohibiting an attorney from testifying in his client's case do not apply where the attorney is the client."); *Horen,* 882 N.E.2d at 21 ("A self-represented lawyer advances or argues only her cause. The concerns of impeachability and credibility that could potentially harm another person are not present.").

■ Similar to *Farrington,* we believe the rationale expressed in *Borman* supports concluding Rule 3.7 of the South Carolina Rules of Professional Conduct does not apply to a pro se attorney. We can see no reason why the constitutionally guaranteed right to self-representation should be curtailed for a pro se attorney by Rule 3.7, especially in light of the non-existent concerns over credibility and impeachability prejudicing a third party where, as here, the lawyer himself is the client. *See* S.C. Code Ann. § 40–5–80 (2011) ("[The chapter regulating the practice of law] may not be construed so as to prevent a citizen from prosecuting or defending his own cause, if he so desires."). Our holding is consistent with our current Rule 3.7 jurisprudence which has, to this day, only addressed the propriety of an attorney acting as an advocate and a witness on behalf of a third-party client. *See, e.g., Collins Entm't, Inc.,* 363 S.C. at 564, 611 S.E.2d at 271. Therefore, we find the circuit court erred as a matter of law when it applied Rule 3.7 to Appellant and disqualified him from serving as his own counsel.

Additionally, Appellant challenges the stipulation in the circuit court's order that if he should not retain new counsel within forty-five (45) days, he "shall be allowed to represent himself, but he shall not be allowed to testify as a witness in the [t]rial unless called by [the Commission]." We vacate this portion of the circuit court's order because the restriction placed on Appellant's ability to testify is based on the circuit court's erroneous interpretation of Rule 3.7. Nevertheless, we

find it important to note that, while there is not a constitutionally guaranteed right to testify in a civil case, Appellant is not prohibited from testifying and acting as his own advocate by virtue of Rule 3.7. *See Seabrook Island Prop. Owner's Ass'n v. Berger*, 365 S.C. 234, 243, 616 S.E.2d 431, 436 (Ct. App. 2005) ("[I]n the absence of due process concerns, there is no fundamental right to testify in a civil action." (alteration in original) (quoting *Williams v. Chrysler Ins. Co.*, 928 P.2d 1375, 1381 (Colo. Ct. App. 1996))).

## CONCLUSION

Accordingly, the decision of the circuit court is

**AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART, AND REMANDED.**

WILLIAMS and THOMAS, JJ., concur.