**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Laura Toney, Appellant,

v.

LaSalle Bank National Association as Trustee for the Registered Holder of Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2004-11, A/K/A Altisource Homes, Wayne Capell, Lee County Treasurer and Lee County Planning and Zoning, Respondents.

Appellate Case No. 2016-001989

———————

Appeal From Lee County
Clifton Newman, Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-197
Submitted May 1, 2019 – Filed June 5, 2019

———————

**AFFIRMED**

———————

Laura Toney, of Bishopville, pro se.

Paul M. Fata, of Stuckey Fata & Segars, of Bishopville, for Respondents Lee County Planning and Zoning and Wayne Capell.

Sean A. O'Connor, of Finkel Law Firm LLC, of North Charleston, for Respondent LaSalle Bank National Association.

---

**PER CURIAM:**  Laura Toney appeals the circuit court's July 11, 2016 order granting LaSalle Bank National Association's (LaSalle's)[1] motion to dismiss and granting summary judgment to Wayne Capell, Lee County Treasurer, and Lee County Planning and Zoning (collectively, the County).  She also appeals a February 4, 2016 order of the circuit court denying her motion to disqualify opposing counsel.  On appeal, Toney argues the circuit court erred by (1) holding an ex parte hearing on March 30, 2016, (2) finding LaSalle timely filed a motion to dismiss in federal court and thus was not required to re-file its motion following remand to state court, and (3) failing to disqualify counsel for the County.[2]  We affirm.

As to whether the circuit court erred in holding the March 30, 2016 hearing: *Flexon v. PHC-Jasper, Inc.*, 413 S.C. 561, 569-70, 776 S.E.2d 397, 402 (Ct. App. 2015) ("This court reviews questions of law de novo." (*Proctor v. Steedley*, 398 S.C. 561, 573, 730 S.E.2d 357, 363 (Ct. App. 2012))); *Bakala v. Bakala*, 352 S.C. 612, 623, 576 S.E.2d 156, 162 (2003) ("Generally, one who has notice and fails to appear cannot complain of an ex parte proceeding."); *id.* ("[A]lthough ex parte contacts are strongly disfavored, prejudice must be shown to obtain a reversal on this ground.").

As to whether the circuit court erred in its findings relating to the motion to dismiss filed in federal court: *Flexon*, 413 S.C. at 569-70, 776 S.E.2d at 402 ("This court

---

[1] LaSalle is also known as Altisource Homes.

[2] Toney's table of contents lists the following four arguments, which are not addressed in the body of her brief: (1) "Because [Toney] did not receive a [l]etter of [a]cceleration, the foreclosure did not follow the foreclosure law of South Carolina," (2) "Because the attorney committed fraud on the court, [Toney] should have been granted a new trial," (3) "Because the attorney for [LaSalle] did not enter an [o]rder of [a]ppearance, the case should have been dismissed," and (4) "Because [Toney] did not get an opportunity to present her case, her due process was violated."  We find Toney abandoned these issues. *See Wright v. Craft*, 372 S.C. 1, 20, 640 S.E.2d 486, 497 (Ct. App. 2006) (finding an issue abandoned when it was listed in the appellant's statement of issues on appeal but not addressed in the brief).

reviews questions of law de novo." (quoting *Proctor*, 398 S.C. at 573, 730 S.E.2d at 363)); Rule 12(a), SCRCP ("A defendant shall serve his answer within 30 days after the service of the complaint upon him . . . ."); Rule 12(b), SCRCP (providing a Rule 12(b) motion shall be made before further pleadings are made); Rule 81(c)(2)(C), FRCP (providing that after removal "[a] defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods . . . 7 days after the notice of removal is filed"); *see e.g. McKethan v. Wells Fargo Bank, N.A.*, 779 S.E.2d 671, 675, (Ga. 2015) ("[A] timely answer filed in district court following timely removal of the action is sufficient to prevent a default in a state court if the case is subsequently remanded from district court."); *Banks v. Allstate Indem. Co.*, 757 N.E.2d 776, 778 (Ohio Ct. App. 2001) ("[A] party need not refile documents in the court of common pleas after a case is remanded from federal court so long as that party makes the trial court aware of the filing's existence and, if challenged, shows proof of service on the other party at the time the document was filed in federal court."); 77 C.J.S. *Removal of Cases* § 190 (2019) ("As a general rule, the state court determines the effect of pleadings filed and proceedings taken in the federal court. However, the state court ordinarily receives the case in the posture it is in when remanded and, thus, a pleading filed in federal court need not be refiled in state court.").

As to whether the circuit court erred in denying the motion to disqualify counsel: *Brooks v. S.C. Comm'n on Indigent Def.*, 419 S.C. 319, 324, 797 S.E.2d 402, 404 (Ct. App. 2017) ("A circuit court's ruling on a motion to disqualify a party's attorney is reviewed for an abuse of discretion."); *id.* ("An abuse of discretion occurs when the [circuit] court's ruling is based on an error of law or is not supported by the evidence." (quoting *Lawing v. Univar, USA, Inc.*, 415 S.C. 209, 225, 781 S.E.2d 548, 556-57 (2015))).

**AFFIRMED.**[3]

**WILLIAMS, GEATHERS, and HILL, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.